G. E. PACE and CLARK DOOLEY, Respondents, v.
    AMERICAN CENTRAL INSURANCE COM-
    PANY, Appellant.

Springfield Court of Appeals, July 28, 1913.

1. **INSTRUCTIONS: Not Complained of in Motion for New Trial:
   Not Considered.** The appellate court will not consider an in-
   struction which was not complained of in the motion for a
   new trial.

Pace v. Insurance Co.

2. **APPEAL AND ERROR: Defenses: Waiver of.** In an action on a fire insurance policy, an attempted defense on the ground that plaintiffs failed to take certain inventories as provided by the policy, *held* to have been waived by the defendant as no point was made on this proposition in its brief.

3. **INSURANCE POLICY: Provisions of: Waiver.** In an action on a fire insurance policy, provisions in the policy as to keeping the books of the insured and his inventories in a fireproof safe or in a place not exposed to fire, *held* to be in the nature of conditions subsequent, the breach of which does not work a forfeiture unless the insurer so elects: *Held*, further, that such conditions may be waived either expressly or by implication.

4. **———: ———: Breach: Waiver.** In an action on a fire insurance policy, in which was a provision requiring the insured to keep and produce to the insurer inventories and books of account, certain conversations, suggestions, requirements and conduct of the insurer subsequent to the fire are reviewed and examined: *Held* to have constituted a waiver of the breached provision.

5. **———: Forfeiture: Waiver.** If after knowledge of the forfeiture, in any negotiations with the insured, the insurer recognizes the continued validity of the policy or does any acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is waived as a matter of law.

6. **———: Defenses: General and Special Denials.** In an action on an insurance policy the first defense of the answer admitted the execution of the policy sued on and denied each and every allegation except as thereinafter specially admitted: *Held*, to be neither a general nor a special denial and defendant's entire defense, therefore, rested upon the particular allegations of the other defenses.

7. **INSTRUCTIONS: Statements by Plaintiff: Evidence of: Care in Accepting.** An instruction that evidence of verbal statements made by plaintiff should be considered by the jury with care and caution on account of the liability of the witnesses to forget, misunderstand or misconstrue what was really intended, *held* not erroneous.

8. **INSURANCE POLICIES: Action on: Forfeiture: Waiver: Pleading.** In actions upon insurance policies it is proper to admit proof of waiver of forfeiture, without requiring the specific facts relied on to show the waiver to be alleged in the pleadings.

9. **NEW TRIAL:** Surprise: Properly Denied, When. In an action on an insurance policy, it being conceded that insured had not complied with certain provisions of the policy, which fact worked a forfeiture unless waived by the insurer, *held* that plaintiff was properly denied a new trial asked for on the ground that it was surprised by testimony as to waiver of forfeiture.

Appeal from Texas County Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Lamar, Lamar & Lamar* for appellant.

(1) The value of property destroyed is a material allegation of plaintiff's petition, without which the petition is bad on demurrer, and without proof of which value cannot recover. Story v. Ins. Co., 61 Mo. App. 535; Ramsey v. Underwriters's Assn., 71 Mo. App. 381. (2) Defendant's peremptory instruction should have been given. There is not a syllable of evidence in this record showing the value of any of the goods covered by the policy destroyed by the fire. Ins. Co. v. Pard, 2 Ind. T. 625, 53 S. W. 424. (3) While it is true, in insurance cases, the plaintiff may show a waiver under an allegation of performances, the burden is on him. Instruction No. I ignores this and tells the jury that the issuance of the policy, and the evidence of a fire entitles plaintiff to a verdict. This is error. Roberts v. Ins. Co., 94 Mo. App. 142; Ruthnuller v. Ins. Co., 38 Mo. App. 118. (4) The policy provides, "that defendant in case of loss may investigate, examine the assured, etc., and "this company shall not be held to have waived any privilege or conditions of the policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal, or to any examination herein provided for." This is a valid provision and is binding on the assured. 19 Cyc. 805e; Label v. Ins. Co., 28 S. W. 133; Wheaton v. Ins. Co.,

76 Cal. 415, 9 Am. St. Rep. 229; Rountree D. G. Co. v. Ins. Co., 100 Mo. App. 513; Carey v. Ins. Co., 84 Wis. 80, 36 Am. St. Rep. 907; Drug Store v. Ins. Co., 44 S. W. 21.    (5)    The facts testified to by Clark Dooley, even if true, do not warrant a submission to the jury of the question of waiver and are insufficient to support a finding of waiver.    Ostrander on Fire Ins. (2 Ed.), p. 761, sec. 366; p. 756, sec. 361; Richards on Ins. (2 Ed.), pp. 82, 83, secs. 82-83; 19 Cyc. 805, and cases cited; Rountree D. G. Co. v. Ins. Co., 100 Mo. App. 504; Curlee v. Ins. Co., 73 S. W. (Tex.) 831; Burnham v. Ins. Co., 75 Mo. App. 394; Leigh v. Ins. Co., 37 Mo. App. 542; Steiffel v. Ins. Co., 55 Mo. App. 224; Colonius v. Ins. Co., 3 Mo. App. 56; Card v. Ins. Co., 4 Mo. App. 424; Crigler v. Ins. Co., 49 Mo. App. 11; Label v. Ins. Co., 28 S. W. 133; Ins. Co. v. Flourney, 65 Ark. 54, 67 Am. St. 900.    (6)    Even if the testimony authorized the submission of a waiver to the jury, instruction No. 2 for plaintiff is wrong and prejudicial. Whether or not the company waived a compliance with the iron-safe clause of the policy, and with its other provisions, was a fact to be passed on by the jury just like any other fact.    It was a clear invasion of the province of the jury for the court to say, "that these facts in and of themselves constituted a waiver."    Ostrander on Fire Ins. (2 Ed.), 338, sec. 349; Summers v. Ins. Co., 45 Mo. App. 53; McCullum v. Ins. Co., 61 Mo. App. 356; Bowan v. Ins. Co., 69 Mo. App. 272; Partee v. Ins. Co., 62 Mo. App. 526; McMahan v. Maccabees, 151 Mo. Co., 62 Mo. App. 526; McMahan v. Maccabees, 151 Mo. 534; Rountree D. G. Co. v. Ins. Co., 100 Mo. App. 504; Gale v. Ins. Co., 33 Mo. App. 664; Noonan v. Ins. Co., 21 Mo. 90; Okey v. Insurance Co. 29 Mo. App. 105; Steipel v. Loan Assn., 55 Mo.App. 233. (7)    Instruction 4 for the plaintiff directed the jury to consider the verbal statements of the plaintiff Pace with care and caution, and was reversible error. 38 Cyc. 1649 a. n. 32-45; Peck v. Ricky, 66 Mo. 121;

Coffman v. Maeir, 18 L. R. A. (Cal.) 410; Lewis v. Christie, 99 Ind. 397; Zeno v. Johnson, 107 Ind. 69; Wichersham v. Beers, 20 Ill. App. 243. (8) The court should have granted defendant a new trial on the ground of surprise, because of the testimony of Clark Dooley, as to a waiver. McCullough v. Ins. Co., 113 Mo. 616; McCullon v. Ins. Co., 61 Mo., 352. (9) After defendant specifically set up various breaches of the conditions of the policy in its answer, plaintiff's reply was not a waiver but a general denial. No issue of waiver is tendered in an insurance case, by a reply consisting only of a general denial. R. R. 1909, secs. 1811-1830-1950-1951-1952-1953; 19 Cyc. p. 930, n. 92, cases cited therein; Mueller v. Ins. Co., 45 Mo. App. 834; Hearsh v. Ins. Co., 130 Mo. App. 457; Ejrlick v. Ins. Co., 103 Mo. 231; Rudd v. Ins. Co., 120 Mo. App. 7.

*Dooley & Hiett, W. E. Barton* and *W. P. Elmer* for respondents.

(1) In plaintiffs' petition, it is alleged that the value of the property at the time of the fire was two thousand two hundred and seventy-eight dollars and eighty-seven cents; that all of this property was totally destroyed by the fire, and that plaintiffs' loss was two thousand two hundred and seventy-eight dollars and eighty-seven cents. (2) The court did not err in refusing defendant's peremptory instruction. If no value of the goods at the time of the fire and destroyed by the fire has been proven, then the error was invited by the appellant and it cannot be heard to complain nor permitted to profit by it. R. S. 1909, sec. 1830; Garst v. Good, 50 Mo. App. 149; 2 Ency. Plead. & Prac. 522; note 4; Railroad v. Elliott, 102 Fed. 96; Hahl v. Brooks, 72 N. E. 727; Knudsen v. Parker, 96 N. W. 1010; Fogarty v. Bogart, 60 N. Y. S., 81; Williams v. Meyers, 64 S. W. 66; State ex rel. v. Henderson, 86 Mo. App. 482; Hotel Co. v. Sauer, 65 Mo. 279. (3) The failure

of the trial court to instruct the jury in regard to the burden of proof amounts to nondirection when no such instruction was asked, and therefore does not constitute error. Hunter v. McElhaney, 48 Mo. App. 234; Bank v. Ragsdale, 171 Mo. 168; Moore v. Railroad, 136 Mo. App. 210; Distler v. Railroad, 163 Mo. App. 674; Berger v. Storage Co., 136 Mo. App. 36    (4) If the insurer, with the knowledge that a cause for forfeiture exists, so conducts itself toward the insured that the latter is justified in believing the right of forfeiture will not be invoked and is led thereby into the expenditure of time or money in presenting his demand to the insurer, a waiver will be presumed. Meyers v. Casualty Co., 123 Mo. App. 682; Ramsey v. Ins. Co., 160 Mo. App. 236; Bolan v. Ins. Co., 58 Mo. App. 225; Bowen v. Ins. Co., 69 Mo. App. 272; McCullum v. Ins. Co., 61 Mo. App. 352.    (5)    The testimony shows that the adjuster of the defendant company told the plaintiffs to get the original bills, duplicate bills and bank statements and make the proof of loss and send it in; that plaintiffs incurred the expense and trouble to do this and sent the proof of loss thus made to the defendant company. This testimony was sufficient to submit the question of waiver to the jury.    (6)    The appellants contend that the question of waiver is always one of intent; this is the general rule, but it has its exceptions.    In this case the agent and adjuster of the company with knowledge that the books of the plaintiffs had been burned requested the plaintiffs to get their bills, duplicate bills, invoices, etc., and send them to the company.    The plaintiffs complied with this request and were thereby put to trouble and expense and the company thereby waived the iron-safe clause regardless of its intention. Burgess v. Ins. Co., 114 Mo. App. 169; Bowen v. Ins. Co., 69 Mo. App. 272. (7)    The court did not err in giving such instruction. The court had the right under the testimony in this case to caution the jury as to the evidence of verbal

statements of plaintiff made before trial and testified to by witnesses other than plaintiff, and to give his reason for such caution.   Connor v. Railroad, 181 Mo. 397; 1 Greenleaf on Evidence, par. 200, p. 276; Allen v. Kirk, 81 Iowa, 658; Martin v. Algona, 40 Ia. 392; Stewart v. DeLoach, 86 Ga. 729; Nash v. Hoxie, 59 Wis. 384, 18 N. W. 408; Dreher v. Fitchbern, 99 Am. Dec. 91; Tozer v. Hershey, 15 Minn. 257; State v. Hanna, 130 Mich. 195.   (8)   The court did not err in refusing appellants a new trial on the ground of surprise.   There was no amended pleading in this case, nor anything else in the case to surprise it.   Waiver can be proven under a general allegation of performance in the petition, although the replication be a general denial.   Ins. Co. v. Kyle, 11 Mo. 278.   (9)   Evidence of a waiver where the reply is a general denial is admissible.   Andrews v. Ins. Co., 168 Mo. 151; Thompson v. St. Charles Co., 227 Mo. 220; Martin v. Ins. Co.; 158 Mo. App. 468; Burgess v. Ins. Co., 114 Mo. App. 169; Suess v. Ins. Co., 193 Mo. 564.

ROBERTSON, P. J.—On July 13, 1911, the defendant issued to the plaintiffs its policy insuring them against loss from fire for one year to an amount not exceeding $1500 on their stock of merchandise, located in Houston, Texas county, consisting principally of jewewlry, optical goods, watch repairs, etc., and other merchandise usually kept for sale in a jewelry store, and on October 31, 1911, a fire occurred which destroyed the entire stock of goods then in the building. About ten days or two weeks after the fire the adjuster for the defendant appeared at Houston.   Previous to his arrival it had been rumored that Mr. Pace, one of the plaintiffs, had burned the stock.   Up to that time no proofs of loss had been made out and the plaintiffs' books and some of their invoices had been destroyed in the fire, except it was claimed that the ledger was at the home of the plaintiff Pace.

The local agents for the defendant company and the adjuster submitted to the plaintiffs a nonwaiver agreement, reading as follows:

"It is hereby mutually understood and agreed by and between (G. E.) Pace and (Clark). Dooley, doing business under the firm name of Pace and Dooley, parties of the first part, and the American Central Insurance Company of St. Louis, Mo., party of the second part, that any action taken by said party of the second part in investigating the cause of fire or investigating and ascertaining the amount of the cash value and of the loss and damage to the property of the parties of the first part caused by fire alleged to have occurred on the 31st day of October, 1911, shall not modify, waive, or invalidate any of the conditions of the (or any) policy of the party of the second part, held by the parties of the first part, and shall not modify, waive or invalidate, any rights whatever of either of the parties to this agreement.

"The intent of this agreement is to preserve the rights of all parties hereto, and provide for an investigation of the fire and the determination of the cash value immediately before the said fire, and of the amount of the loss or damage thereto by said fire, in order that the parties of the first part may not be delayed unnecessarily in their business and in order that the amount of the cash value and of the loss and damage may be ascertained and determined without regard to the liability of the party of the second part."

This the plaintiffs refused to sign.

Both of the plaintiffs testified that the adjuster told them, after they refused to sign this nonwaiver agreement, after the question was raised as to the fire being caused by plaintiff Pace, and after the adjuster was advised that the books and inventories had been lost and destroyed, to go to the banks and get all of the checks and to go back to the time of the last invoice, which was in March, 1911, and get invoice bills for all

goods bought and placed in the store since the date of that inventory, secure a statement of bank deposits and add these amounts for goods bought since the inventory to the inventory and then take the amount of sales, as shown by the bank deposits, and subtract that from the inventory and make the proof of loss, attaching those papers to it. The plaintiffs employed a party to make the proof of loss in that manner, which he substantially did, and thus disclosed the amount of the loss to be $2278.87. The proof of loss was verified by plaintiff Pace on December 9, 1911, and delivered to defendant.

On January 31, 1912, the plaintiffs filed their suit in the circuit court of Texas county, alleging the execution and delivery of the policy, and total destruction by fire of the stock of goods in the building, and that the loss and damage to the plaintiffs caused by the fire was $2278.87; that they had given due·notice and made proof of loss and fully executed and performed all of the conditions; stipulations and requirements on their part to be performed, and the refusal of the defendant to pay. To this petition the defendant answered, the first defense reading as follows:

"Comes now the defendant in the above entitled cause and for answer to plaintiffs' petition, admits the execution of the policy sued on, but denies each and every other allegation in the said petition contained except such as are hereinafter specifically admitted."

The second defense was a denial that plaintiffs had complied with the terms and conditions of the policy or that they had sustained loss or damage to the property covered by the policy in any amount "as alleged in said petition" and denied that defendant was indebted to the plaintiffs in any sum whatever.

The third defense alleges that the policy contained the following provisions:

"Warranty to Keep Books and Inventories and to Produce Them in Case of Loss.—"The following

covenants and warranties on the part of the assured, and conditions on the part of the American Central Insurance Company of St. Louis, Mo., are hereby made part of the policy, to which this clause is attached:

"1st. The assured will take an itemized inventory of stock hereby insured at least once in each calendar year, and unless such inventory shall have been taken within twelve (12) month's prior to the date of this policy, the same shall be taken in detail within thirty (30) days after said date, or this policy shall be null and void from and after the expiration of said thirty (30) days, and upon demand of the assured, the unearned premium for the unexpired time of this policy shall be returned.

"2nd, The assured shall keep a set of books, which shall clearly and plainly present a complete record of the business transacted, including all purchases, sales and shipments of said stock, both for cash and credit, from the date of the inventory or inventories provided for in the first section of this clause, and during the continuance of this policy.

"3rd. The assured will keep such books and last inventory, and also the last preceding inventory, securely locked in a fireproof safe at night, and at all times when the building mentioned in this policy, or the portion thereof containing the stock described therein is not actually open for business; or failing in this, the assured will keep such books and inventories, at night, and at all such times, in some place not exposed to a fire which would ignite or destroy the aforesaid building; and in case of loss, the assured specifically warrants, agrees and covenants to produce such books and inventories for the inspection of said company.

"In the event of failure on the part of the assured to keep and produce such books and inventories for the inspection of said company this entire policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon.'"

And also that the plaintiffs failed to comply with said conditions in the policy in that they did not take and preserve an inventory; that they did not keep a set of books as provided for; that they did not keep said books and inventories securely locked in a fireproof safe at night and at all times when the building containing the property mentioned in said policy was not open for business, or at such times in some place not exposed to fire which would destroy the said building; that the fire occurred in the nightime when the store was not open for business; that by reason of the failure of the plaintiffs to comply with this provision of the policy it became null and void and the plaintiffs were not entitled to recover, and that they failed and refused to produce the books and inventories.

The fourth defense alleges that the policy contains the provision that the defendant shall not be liable beyond the actual cash value of the property at the time of the loss, and alleges that it did not know and had no means of knowing the exact amount of depreciation in the value of the stock after the day the policy was written, but that "it is informed and believes, and charges the facts to be, that after the execution and issuance of said policy the said stock of property mentioned therein rapidly ran down and depreciated in value, and was diminished by sales therefrom so that a short time prior to the fire but a small amount of the property originally covered by said policy remained therein, the exact amount of which the defendant is unable to state by reason of the failure and refusal of the plaintiffs to comply with the terms and conditions of said policy in keeping and preserving inventories and books as provided in said policy," and that whatever remained of said property was secretly and clandestinely removed before the fire and was not thereby destroyed.

The fifth defense alleges the burning of the stock of goods by the plaintiff Pace.

The sixth defense alleges a provision in the policy that if the assured conceals or misrepresents in writing or otherwise any material fact or circumstance concerning the said insurance or the subject thereof, or in case of any fraud or false swearing by the assured, either before or after the loss, then the entire policy shall become null and void, and alleges the fact to be that the plaintiff Pace, after the fire, for the purpose of defrauding the defendant, made out and swore to and presented to the defendant, in an effort to induce it to pay him fifteen hundred dollars, certain papers stating that the cash value of the property destroyed by the fire was $2278.87, when in truth and in fact he knew the property was not destroyed by fire; that such an amount of property was not in the building at the time of the fire; that he falsely and fraudulently presented to the defendant certain papers purporting to be duplicate invoices for goods and articles purchased and claimed that the goods mentioned in the invoices were destroyed by the fire, while knowing that such was not the fact.

To this answer the plaintiffs filed a reply in which they denied each and every allegation contained therein.

The court, in behalf of the plaintiffs, instructed the jury as follows:

"No. 1. The plaintiffs sue the defendant on a policy of fire insurance; the issuance of the policy is admitted and the evidence shows that it is conceded that the fire occurred.

"Plaintiffs are entitled to recover in this case unless the defendant has established one or more of the defenses set up by it and as hereinafter defined in these instructions. If you find for the plaintiffs, they are entitled to recover and you will allow them fifteen hundred dollars, if the value of the goods insured and destroyed equal or exceed the sum of two thousand dollars; if, however, the value of the goods insured and destroyed

by said fire is less than two thousand dollars, then you
will allow the plaintiff, if you find for them, an amount
equal to three-fourths (¾) of the value of said insured
goods at the time of the fire; but in no event can your
verdict be for more than fifteen hundred dollars.

"No. 2.   The court instructs the jury that al-
though you may believe from the evidence that the
inventory and books of account presenting a record
of the business transaction from the date of the in-
ventory until the time of the fire were not kept by the
plaintiffs in accordance with the terms of the policy,
or, if they were made and kept in accordance with the
terms of the policy, but were left in the building and
destroyed by the fire, yet, if the State agent of the
company visited the locality of the fire, after the oc-
currence of the loss, and if he was the defendant's ad-
juster and as such was informed and became possessed
of the knowledge that said inventory and books were
not kept by the plaintiffs in accordance with the terms
of the policy or were destroyed by said fire and, after
becoming possessed of such knowledge, directed and
instructed the plaintiffs to secure the invoice bills of
all the goods which they had purchased from the date
of the inventory to the time of the fire and secure a
statement of the deposits of the plaintiffs in the banks
and forward the same, with the proofs of loss to the de-
fendant company, and if you further find that said
plaintiffs did secure said invoice bills and statement
in accordance with the direction and request of the said
State agent, and did forward the same to the defendant
with the proofs of loss, as directed by said agent, and
if plaintiffs incurred any expense or loss of time in
securing said invoice bills and statements of deposits
from said banks, then the defendant has waived any
right to forfeiture of said policy by reason of the fail-
ure of the plaintiffs to keep or produce said inventories
and books of account.

"No. 3.    The court instructs the jury that one of the defenses relied upon by the defendant to defeat plaintiffs' recovery in this case is that the plaintiff, G. E. Pace, intentionally caused the fire for the purpose of destroying said goods. · If the plaintiff, G. E. Pace, did intentionally cause said fire, then the plaintiffs are not entitled to recover in this case, but the burden of proving this defense is on the defendant and must be shown by a preponderance of the evidence and in case said defense is not established you will find for the plaintiffs as to this defense.

"The preponderance of the evidence does not mean the greater number of witnesses, but it means that the evidence produced on the part of the defendant, to sustain such defense, must be stronger and more convincing to your mind of the truth thereof than the evidence to the contrary.

"No. 4.    And evidence of verbal statements made by plaintiff Pace should be considered by you with care and caution on account of the liability of the witnesses to forget, misunderstand or misconstrue what was really said and intended."

At the request of the defendant the court gave the following instructions:

"No. 1.    The court instructs the jury that under the terms of the policy sued on, the plaintiffs are in no event entitled to recover an amount in excess of three-fourths of the cash market value of the merchandise mentioned in said policy in said building at the time of said fire. ·

"No. 2.    The court instructs the jury that if you believe from the evidence that the defendant, G. E. Pace, either by himself or with others, set or caused to be set the fire which burned the building in which the property covered by the policy in question was located, then your verdict should be for the defendant, and the defendant is not required to prove that said G. E. Pace caused the burning of said building by direct

and positive testimony, that is, by any person who saw said fire set, but may establish such burning by plaintiff by proof of facts and circumstances from which it may be reasonably inferred.

"No. 3. The court instructs the jury that one of the defenses in this case is that the plaintiff, G. E. Pace, set or caused to be set, either by himself or with others, the fire which consumed the building in which the property covered by the policy sued on was situated, and that defendant is not required to establish that the plaintiff set or caused to be set said fire beyond a reasonable doubt, but is only required to prove such fact by a preponderance of the testimony.

"No. 4. The court instructs the jury that the defendant was required under the law to furnish and deliver to plaintiffs blanks for plaintiffs' use in making out proofs of loss and the act of the company in furnishing said blanks did not waive any of its rights under said policy.

"No. 5. The court instructs the jury that it devolves upon the plaintiffs to establish to your satisfaction by a preponderance of the evidence the amount and value of the property covered by said policy which was in said building at the time of the fire and was destroyed thereby.

"No. 6. The court instructs the jury that the policy sued on only covers the stock of merchandise therein while situated in the building described in said policy, and that the defendant is not liable in any event for any of said stock of merchandise which was not in said building and destroyed by fire, and the burden of showing the amount and value of said stock of merchandise in said building at the date of said fire is upon the plaintiffs."

The court of its own motion gave the following instruction:

"The court instructs the jury that one of the conditions of the policy sued on is that the entire policy is

to be void if the insured has concealed or misrepresented in writing or otherwise any material facts or circumstances concerning the insurance, or if the interest of the insured in the property be not truly stated therein, or in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after the loss.

"Now if you find from the evidence that any portion of the stock of merchandise insured was not destroyed and the plaintiff, G. E. Pace, knowing said fact, willfully made a claim for the same with intent to collect the insurance on property that was not destroyed, then such act would constitute such fraud as to avoid the policy and in such case the plaintiffs cannot recover in this case.

"In this connection, however, the court instructs you that in order to avoid the policy on this ground you must find from the evidence that said Pace knew that certain property covered by the insurance, as above set forth, was not destroyed by the fire, and that he willfully made a claim for payment therefor, with the intent to cheat and defraud the defendant, and the fact that he may have given to customers a watch or watches to wear while fixing theirs and omitted to state such facts in the proofs of loss, if such omission was on account of the fact being overlooked or forgotten by him at the time and if it was not willfully omitted for the purpose of collecting from the defendant for property not destroyed, then such act would not be such a fraud as to avoid the policy."

The defendant asked and was refused the following instructions:

"No. 1.   The court instructs the jury that under the pleadings and the evidence, your verdict should be for the defendant.

"No. 2.   The court instructs the jury that under the terms and conditions of the policy sued on, no officer, agent or representative of the defendant com-

pany had the power to waive any of the provisions or conditions of said policy unless written thereon and attached to said policy.

"No. 3. The court instructs the jury that there is no evidence in the case which would warrant you in finding that the defendant is estopped to insist upon a compliance with all the provisions of the policy sued on, on the part of the plaintiffs.

"No. 4. The court instructs the jury that the evidence in this cause is not sufficient to authorize a finding by the jury that the defendant herein has waived a compliance on the part of the plaintiffs with all the conditions of the policy sued on.

"No. 5. The court instructs the jury that the plaintiffs agreed by the terms of the policy sued on that they would take an itemized inventory within thirty days after the date of said policy, if one had not been taken within twelve months prior thereto, and that said plaintiffs would also keep a set of books which would clearly and plainly present a complete record of the business transacted by plaintiffs including all purchases, sales and shipments of said stock, both for cash and credit, from the said (date) of said inventory or inventories and during the life of said policy, and agreed by the terms of said policy to keep said books and inventory and the last preceding inventory securely locked in a fireproof safe at night and at all times when the building containing the property insured was not actually open for business, or failing to keep such inventories and books in a fireproof safe, that they should keep them at all such times in some place not exposed to a fire which would destroy said building and that in case of loss plaintiffs would produce such books and inventories for the inspection of this defendant, and that said policy provides that in the event of a failure on the part of the plaintiffs to keep and produce said books and inventories for the inspection of the defendant, then said policy should become null and void,

and unless the plaintiffs have shown by a preponderance of the evidence that said books and inventories were made and kept and produced, as above stated then plaintiffs are not entitled to recover, and the burden of showing a compliance with the above terms and conditions of said policy is upon the plaintiffs.

"No. 6.   The court instructs the jury that the question of waiver on the part of the defendant of a compliance by plaintiffs with the conditions of the policy sued on is one of intention on the part of the defendant company, or its agents, and that the burden of proof is upon the plaintiffs to establish such waiver to your satisfaction by a preponderance of the evidence, and although you may find that the defendant's agents told plaintiffs, or one of them to get duplicate invoices of the goods purchased by plaintiffs, yet unless you further find by a preponderance of the evidence that at such times defendant's agents intended to waive the failure on the part of the plaintiffs to keep an inventory in an iron safe and to keep a set of books showing purchases and sales, both for cash and credit, in said safe, then you will find that there was no waiver.

"No. 7.   The court instructs the jury that if you find and believe from the evidence that after the fire the plaintiff, G. E. Pace, fraudulently presented in his purported proofs of loss, items for the payment which he knew had not been destroyed, then such fraud would avoid said policy and you should find the issues for the defendant."

The verdict of the jury was for plaintiffs in the sum of fifteen hundred dollars.

In making up the proof of loss there were included therein certain goods which were not destroyed by the fire but the plaintiffs claim that this was an honest mistake and the jury so found under instruction No. 3 given by the court of its own motion.   Under those facts the court told the jury that the policy was not

rendered void. This instruction is not complained of by the defendant in its motion for a new trial, and, therefore, cannot now be considered by us. [Hoke v. Central Twp. Farmers Club, 194 Mo. 576, 584, 91 S. W. 394.]

Under the method adopted by the plaintiffs in making their proof of loss, they did not take into consideration their accounts for goods sold on credit, but that proposition is included within the said instruction No. 3 so far as the question of invalidating the policy is concerned. Upon the issue that this error in the proof of loss may have reduced the value of the goods destroyed below an amount that would authorize a recovery of $1500 (three-fourths of the value of the goods burned) the jury necessarily passed when passing upon the value of the stock destroyed at the time of the fire as submitted to them in other instructions, there being sufficient evidence that the sales on credit would not reduce the loss below $2,000.

The third defense seeks to defeat this action for the alleged failure of plaintiffs to take an inventory or inventories; failure to keep a record of the business transacted including purchases, sales and shipments, both for cash and on credit, from the date of the inventory, and failure to keep them in a fireproof safe. In the allegation of the defendant's answer there is no specification as to which inventory it was claimed plaintiffs had failed to take, whether the yearly one or one within thirty days after the policy was issued. As the testimony discloses one was taken in March, 1911, and no point is made by the appellant in its brief as to the question of the taking of an inventory, the defendant waived that point.

The plaintiff, as to this defense, places its main insistence on the iron-safe clause. It has been said in a well-considered opinion, in the case of Carp v. Queen Ins. Co., 116 Mo. App. 528, 542 92 S. W. 1137, that such provisions in a policy are in the nature of con-

ditions subsequent, the breach of which does not work a forfeiture unless the insurer so elects, and that such conditions may be waived expressly or by implication. Instruction No. 2 given in behalf of the plaintiffs tells the jury that the facts therein hypothetically submitted constitute waiver. According to the testimony of the witnesses offered in behalf of the defendant, plaintiff Pace advised the adjuster that their books had been burned; that the adjuster told him he wanted their inventories and books, and that plaintiff Pace kept asking the adjuster what to do and the adjuster said, "I cannot advise you. Read your policy," and also sought to have the nonwaiver agreement signed by the plaintiffs, which they refused to do. It forcibly appeals to us that instead of the adjuster advising the plaintiff Pace to read his policy, a more candid course would have been to then and there told Pace that the policy was void by reason of the failure to comply with the iron-safe clause, if he did not intend to waive it. At that time the question had already been raised that the fire was caused by Pace. The adjuster, according to the statement of defendant's witnesses who were present, knew that the iron-safe clause had not been complied with, and it occurs to us that if he expected to rely upon the forfeiture which might thereby be enforced, it was his duty to come out in the open and so state without quibbling or advising the insured to read his policy. If the defendant intended to rely upon the forfeiture it would have been an easy matter for the adjuster to have boldly and emphatically so stated. A reading of the policy would not have convinced Pace that the defendant intended to enforce the forfeiture. In the case of Springfield Steam Laundry Co. v. Insurance Co., 151 Mo. 90, 98, 52 S. W. 238, wherein was involved the question of forfeiture of the policy on account of foreclosure proceedings, it is said: "The evidence showed that the agent had power to issue policies,

that he was advised of the advertisement of the property for sale under the mortgage, and that he took no action toward the cancellation of the policy." And it was there held that a forfeiture of 'the policy was waived.

In the case of Myers v. Casualty Co., 123 Mo. App. 682, 687, 101 S. W. 124, in discussing grounds for forfeiture for failure to give notice of an injury under an accident policy, it is said: "In such case a waiver of the forfeiture may result from the conduct of the insurer and it may be stated as a rule that, where the insurer with knowledge that a cause of forfeiture exists, so conducts himself that the latter is justified in believing that the right of forfeiture will not be invoked and is led thereby into the expenditure of time or money in presenting his demand to the insurer, the waiver will be presumed, and the insured has the right to rely upon the implied assurance contained in such conduct, and, after he has acted on it, the insurer will not be permitted to hark back and deny liability on the ground his prior actions show he had voluntarily abandoned the claim."

Had the plaintiffs not received any instructions from the adjuster as to the manner and method of preparing their proof of loss, and had the case been presented solely on what the defendant's witnesses testified the adjuster said and did, it would then have been a very close question if a case of waiver had thereby been made for submission to the jury.

The conduct of the defendant's adjuster in this case, as hypothetically submitted to the jury in plaintiff's instruction No. 2 and resolved in the affirmative by them, ought to preclude the defendant from further insisting on its iron-safe clause. Defendant contends that said instruction should have permitted the jury to exercise its discretion in determining whether or not the facts there hypothetically stated constituted waiver; but however that may be we are satisfied with

our conclusion that there is in this case no reversible error in giving that instruction. In the opinion in Bowen v. Insurance Company, 69 Mo. App. 272, 278, there is quoted with approval the following from a decision of the New York Court of Appeals: "It may be asserted broadly that if in any negotiations or transactions with the insured *after knowledge of the forfeiture*, it (the company) *recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some trouble or expense, the forfeiture is as a matter of law waived*, and it is now settled in this court after some difference of opinion that *such a waiver need not be based upon any new agreement or estoppel.*"

"In a case where the evidence is so convincing that reasonable men could not differ as to the result thereof, the court is authorized to declare a waiver as a matter of law." [Burgess v. Insurance Co., 114 Mo. App. 162, 180, 89 S. W. 568.] The facts found by the jury under plaintiffs' instruction No. 2, we think come up to this standard and such facts eliminate all others insisted upon by the defendant. In Hollenbeck & Co. v. Insurance Co., 133 Mo. App. 57, 64, 113 S. W. 217, an instruction declared as a matter of law that certain conduct amounted to a waiver, and it was approved.

The first defense of the answer of the defendant in this case, it will be observed, is neither a general nor a special denial, and defendant's entire defense, therefore, rests upon the particular allegations contained in its answer. [Dezell v. Fidelity & Cas. Co., 176 Mo. 253, 279, 75 S. W. 1102.]

The defendant especially complains of the alleged error in the court's instruction No. 4 in behalf of the plaintiffs. While that instruction has not impressed us as one to be followed in all cases of this kind, there is some authority supported by reason for such an instruction in a case like this where numerous wit-

nesses testified to conversations with plaintiff Pace contradicting him. It will be observed that this instruction has no reference whatever to statements which the jury may have believed Pace made, but is confined to the testimony of witnesses who have undertaken to narrate upon the witness stand what it was claimed he said off of the witness stand and before the trial. This is not a precautionary instruction as to any admissions or declarations by the plaintiff Pace.

In the case of Connor v. Railroad, 181 Mo. 397, 419, 81 S. W. 145, in discussing the distinction between instructions as to statements made by the parties to a suit in conversation previous to the trial and statements made on the witness stand to the jury, it is said that the former are related to the jury by another witness while in the latter case the statements are made by a party to the suit as a witness. "In the former, it is appropriate for the court to tell the jury the legal way of weighing such statements."

The defendant insists that the plaintiffs in their reply to its answer should have alleged the specific facts upon which they relied as disclosing a waiver of the forfeiture provision of the policy on account of the failure of the plaintiffs to comply with the iron-safe clause. It has been the rule in this State from a very early date up until the present time, in actions upon insurance policies, to admit proof of waiver without requiring the waiver relied on to be alleged in the pleadings. [Andrus v. Insurance Assn. 168 Mo. 151, 161, 67 S. W. 582.]

The defendant in its motion for a new trial alleged as one of its grounds therefor that it had been surprised by the testimony of the plaintiffs to the effect that the adjuster had requested them to prepare their proof of loss in the manner above stated, and that not anticipating any testimony of this character they did not have the adjuster present at the trial, and that

when this testimony was adduced by the plaintiffs they did not have the opportunity to communicate with or secure the testimony of said adjuster, or any other person to contradict said testimony, and that if the adjuster had been present at the trial he would have contradicted the same. Clearly the court committed no error in refusing to grant a new trial on such ground.

The defendant should have known that since it was a conceded fact that the plaintiffs had not complied with the iron-safe clause and were suing to enforce their policy that they must be relying upon the waiver of any forfeiture provisions in the policy in that regard.

Upon the whole we think there is no reversible error present in the case. The judgment is affirmed. *Sturgis, J.,* concurs. *Farrington, J.,* not sitting.