## No. 11,458.

SOUTHERN SURETY CO. v. FARRELL.

Decided February 8, 1926. Opinion adhered to March 29, 1926.

Action on insurance policy. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. INSURANCE—*Sick Benefits.* In an action on an insurance policy providing for sick benefits, the contention of the insurer that it was not liable because the disability of the assured was not caused solely by sickness arising after the date of the policy, overruled.

2. PLEADING—*Contract—Performance—Waiver.* In an action on a contract of insurance, plaintiff under the allegation of performance on his part, could prove waiver of policy requirements by the company.

3.  INSURANCE—*Sick Benefits—Waiver.* Where the assured, claiming sick benefits under the terms of his policy, continuously neglected to give his physician's monthly report as required by the policy, notwithstanding which the company's agent with knowledge of that fact accepted premiums during the illness of assured, this was a waiver of the requirement.

4.      *Application—False Statements.* Statements in an application for insurance as to the health of the assured, which are not warranties, and the falsity of which is not shown to have been within the knowledge of the assured, are without consequence.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. W. E. CLARK, for plaintiff in error.

Mr. WAYNE A. GUNKLE, Mr. FRANK S. TESCH, for defendant in error..

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

FARRELL had a judgment on trial to the court against the Southern Insurance Company upon a sickness clause in an insurance policy, and the company brings error. The judgment was right.

The first objection is that the disability was not due to a cause expressed in the policy. The policy provides for payment of sick indemnity only in case the disability is caused solely by a sickness arising after the date of the policy. The point is made by the company that the evidence shows conclusively that, although plaintiff contracted la grippe within three months after said date, yet it appears from his physician's report made seven days after the patient had called him, that he had "chronic cardio vascular syndrome"; that this

chronic condition was part of the cause of his disability, and the same was therefore not caused solely by a sickness which began during the life of the policy. Dr. Osborn, called by plaintiff, testified that this chronic condition could not have come suddenly upon him, but nowhere is it shown that it might not have come on within three months, which would be within the life of the policy. This point is not well taken.

The second point is that while plaintiff pleaded performance of conditions on his part under Code 1921, § 72, he did not prove it, though it was denied. He proved waiver. This he might do under allegation of performance. *Atlantic Ins. Co. v. Manning,* 3 Colo. 224. It is claimed no waiver was proved, but the company accepted several premiums while the sick man was continuously neglecting to give his physician's monthly report, as required by the policy, which is the non-performance relied on. This was done with knowledge by the company's agent who received the money, that the sickness was continuing. This was a waiver of the requirement.

The company pleaded that plaintiff in his application falsely and knowingly stated his physical condition was sound when he had arterio sclerosis; that the policy was issued in reliance upon that representation. The representation does not appear to be a warranty and the plaintiff is not shown to have known of this condition. The representation, therefore, if false, was without consequence.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

### On Rehearing.

MR. JUSTICE DENISON.

On motion of plaintiff in error we granted a rehearing, and now its counsel urges that the case cited in our

opinion, *Atlantic Ins. Co. v. Manning,* 3 Colo. 224, in so far as it holds that under an allegation of performance of a contract on his part a plaintiff may prove a waiver of such performance, has been overruled. He cited three cases which seem to us pertinent.

The first is *Gillette v. Young,* 45 Colo. 562, wherein it is stated, on page 566, 101 Pac. 766, that the rule in Colorado requires that waiver be pleaded. It was a mere dictum because the opinion goes on to say that the rule has no application in that case. However, even if not a dictum, it does not overrule *Atlantic Ins. Co. v. Manning.* That case does not hold that the rule is otherwise, but merely that an allegation of performance is sufficient.

The second case is *Atchison Co. v. Baldwin,* 53 Colo. 416, 128 Pac. 449. There we find no allegation of performance nor could there be, because the action was for negligence. The answer set up a contract requiring notice of injury, the plaintiff claimed the requirement had been waived, and it was held he should have pleaded it. This decision, then, does not overrule *Atlantic Ins. Co. v. Manning.*

The third case is *Divine v. George,* 63 Colo. 341, 166 Pac. 242. This was a suit on a promissory note; the defendant answered, alleging a written, contemporary condition precedent, unfulfilled; the plaintiff tried to claim a waiver but the court held he could not, because he had not pleaded it. We have examined the pleadings in that case and there is no allegation of either performance or waiver.

The plaintiff in error cites other cases which do not seem to us to relate to the point in question. The defendant in error cites cases which, he claims, reaffirm *Atlantic Ins. Co. v. Manning,* but they do not do so on the point in question. That case seems to stand alone. We can see no sound reason to overrule it, consequently, we adhere to the opinion already rendered.