SANTINO *v.* GREAT AMERICAN INS. CO. OF
NEW YORK

SANTINO *v.* GLENS FALLS INS. CO.

No. 2954

April 4, 1932.                    9 P.(2d)1000.

*Harwood & Diskin,* for Appellants:

*Samuel Platt*, for Respondent:

## OPINION

By the Court, DUCKER, J.:

These are actions brought by the assured to recover on policies of insurance for loss by fire. They were consolidated and tried as one. In the first case the property insured was described as a one-story, shingle roof, frame building and personal property therein, situated on lots 3 and 4 between First and Second Streets in Verdi, Washoe County, Nevada, and was insured by the defendant Glens Falls Insurance Company, as stated in the policy of insurance, while said building was occupied only for restaurant purposes. This policy was for $2,400.

In the other case the property insured was described as a shingle roof, frame building, and personal property therein, situated on lots 1 and 2 between First and Second Streets in Verdi, Washoe County, Nevada, and was insured by defendant Great American Insurance Company, N. Y., as stated in policy of insurance, while said building was occupied only for dwelling house purposes. This policy was for $1,500.

The complaints allege the corporate characters of the defendants, the making of the contracts of insurance, the payment of premiums at the time of the execution of the contracts, and that the insurance was in full force and effect at the time of the fire which destroyed the property. They allege that the property insured was located at the time of the issuance of said policies, and thereafter until the time of said fire, at the place or places particularly designated in or on the indorsement or indorsements attached to said policies. The complaints allege that at the time of said fire the plaintiff was the owner of all the property so insured, and that at all of said times said buildings were used for the purposes stated in said policies; that all of the merchandise and fixtures described in said policies were, at the time of said fire, contained in said buildings. The complaints allege that all of said property was at the time of its destruction of a greater cash value or market value than the total of all of said insurance. The complaints allege that the entire amount of said policies of insurance is now due, owing, and unpaid, and, though demand has been made for the same, defendants have refused, and do now refuse, to pay the same; that plaintiff gave to defendant due notice and proof of its said loss in the manner and time required under the terms of the policies of insurance, and had otherwise performed all of the conditions of the policies on his part, and that more than sixty days has expired since said proof of loss has been given to and served upon said defendants, and these actions are commenced within twelve months next after said fire.

The insurance policies alleged to have been executed

by defendants and delivered by them to plaintiff at the time of the payment of the premiums are made a part of the complaint.

The answers admit the execution of the policies; that the same had not expired at the time of the fire; that plaintiff gave to defendants notice of loss and at the same time declared to defendants in writing, under oath, proof that the buildings described in said policies of insurance and all personal property located therein had been destroyed by fire; that plaintiff demanded from defendants the amounts stated in said insurance contracts, and that defendants have refused payment. Most of the other allegations of the complaint as to performance of covenants are denied in the answer.

The answer in each case sets up several separate defenses. One of these defenses is based upon the provision in the contract of insurance that "the same shall become void if the interest of the insured in the property be not truly stated herein, or if the interest of the insured be other than unconditional and sole ownership."

In this connection it is alleged that, prior to the execution of the contract of insurance, "the said plaintiff, by deed duly executed, conveyed all his right, title and interest in said building and the lot upon which said building was located to Adele Santino, and that by virtue of said conveyance the said Adele Santino became the owner of all of plaintiff's right, title or interest in said building and the whole thereof; and that by reason of said conveyance the said insurance policy and the whole thereof became and was void at the time of said loss"; that defendants had no notice or knowledge, prior to the execution of the contract of insurance, of said conveyance.

Another separate defense in each answer is based upon the alleged violation of the contract of insurance by plaintiff in permitting the building insured to be occupied and used at the time of its loss by fire for a purpose other than that agreed and warranted by him in the policy of insurance. In this connection it is alleged in each answer

that, at the time of the fire, the building insured was being used and occupied without the consent of defendant for the purpose of a barroom, saloon, and soft drink parlor.

In the replies, in which most of the allegations as to separate defenses are denied, it is alleged as follows: "Plaintiff further alleges that the sole and exclusive ownership in and title to said property and premises, during all of the times mentioned in his said complaint and in his said reply, up to and including the time of the fire and the loss thereof, was in him, the said plaintiff, and that during all of said times he was the sole and exclusive owner in fee and otherwise of said title and premises, and the whole thereof, and is now the exclusive owner in fee to the land upon which said buildings and premises were located prior to the fire. Plaintiff further alleges that during all of the times mentioned herein, and at the present time, he always had, and now has, an insurable interest in and to all of the property, real and personal, mentioned in said complaint on file herein." Plaintiff further alleges that, after his submission of proof of loss and his demand duly made upon said defendants for the payment to him as in said policies provided, the said defendants wrote the plaintiff letters dated October 19, 1929, denying liability for the reason that plaintiff did not have title to the property insured. Copies of said letters written by the duly authorized adjuster of the insurance companies are set out in the replies.

It is further alleged in the replies that defendants by and through their said letters and communications to plaintiff, and communicating to plaintiff the sole and exclusive reason for their denial of the liability, namely, that plaintiff did not have title to the property insured, waived all and every other defense of any kind, character, or nature to said actions filed by plaintiff as aforesaid, and were then and there estopped from relying upon or setting up any other defense whatever to plaintiff's complaint filed herein. It is further alleged that, because of said waiver and estoppel, the

defendants in law and in equity are foreclosed and estopped from avoiding or defeating the payment of said insurance for any ground or reason whatever, save and except the alleged reason that the plaintiff at the time of the loss did not have title to the property insured.

It is further alleged that, at or about the time of and prior to the execution of said insurance policies and contracts, said property was examined and inspected by a duly authorized agent and representative of said defendants, and upon other times during the life of said policies and prior to said loss by fire, and that said defendants during the entire life and existence of said insurance policies were familiar with the use and occupancy and status of said property.

Judgment was rendered in favor of plaintiff in both cases. Defendants have appealed from the orders overruling their motions for new trials.

On the trial of the case plaintiff introduced in evidence, without objection, the policies of insurance. He introduced no evidence to prove the allegations of the complaints, denied in the answers as to his performance of the covenants of the contracts of insurance except the payment of the premiums. He introduced in evidence the two letters, copies of which are set out in the replies, in which defendants denied liability for the reason that plaintiff did not have title to the property insured at the time of the loss. Plaintiff contends that by such denial of liability defendants waived all other covenants and warranties in the contracts of insurance, and were estopped to defend except on the single ground of title not being in plaintiff at the time of the loss; and that it was essential for him to prove the performance only of such covenants as had not been waived.

Defendants contend that, plaintiff having elected to allege in his complaints full performance of the contracts of insurance instead of a waiver of the same, the burden was on him to prove such allegations; and that the allegations of waiver and estoppel pleaded in

the replies in defense only of defendants' affirmative defenses could not be considered by way of estopping defendants to prove the affirmative facts alleged in the answer, and that such matters could not be received in proof of the allegations of the complaint. They contend that the judgment should be reversed because of the failure of plaintiff to prove the material allegations of the complaint showing performance of the covenants of the contracts of insurance, which were denied in the answers.

■ A question presented is whether, under the allegations of the complaint and replies, plaintiff was entitled to prove a waiver by defendants of the conditions alleged to have been performed in the complaints and denied in the answers. We resolve the question in the affirmative. While there is authority to the contrary, it has been held that, in an action on an insurance contract, waiver may be proved under allegations of performance. Atlantic Insurance Co. v. Manning, 3 Colo. 224; Southern Surety Co. v. Farrell, 79 Colo. 53, 244 P. 475; Andrus v. Insurance Ass'n., 168 Mo. 151, 67 S. W. 582; Berliner v. Travelers' Insurance Co., 121 Cal. 451, 53 P. 922, 925.

It has been held that an averment in the complaint of performance of conditions of the policy must be considered as meaning such as have not been waived, and that therefore a reply setting up waiver did not constitute a departure from such complaint. Levy v. Peabody Ins. Co., 10 W. Va. 560, 27 Am. Rep. 598; Cooley's Briefs on the Law of Insurance, vol. 3, p. 2772.

■■ The view that waiver may be shown in proof of allegations of performance is not without reason to support it. The waiver of an act is equivalent to an admission that it has been performed. It is, in a sense, evidence of performance. The pleadings do not in such a case, except in form, involve a different issue, and, in modern pleading and practice, regard is had for substance and not form. On this point the court in St. Louis Insurance Co. v. Kyle, 11 Mo. 278, 49 Am. Dec. 74, said: "It [waiver] is merely evidence of a performance. It is not the case of a substitution of a new

contract for the old one; it is not an excuse for non-performance, by the prevention or discharge of the defendants; but it is evidence of performance. The party for whose benefit the condition is inserted, is presumed to understand its import, and his acceptance is the strongest evidence that the act agreed to be done has been done according to contract." This reasoning was approved in James v. Mut. Reserve Fund Life Ass'n., 148 Mo. 1–10, 49 S. W. 978.

It was stated in Pace v. Insurance Co., 173 Mo. App. 485–507, 158 S. W. 892, 898, that: "It has been the rule in this state from a very early date up until the present time, in actions upon insurance policies, to admit proof of waiver without requiring the waiver relied on to be alleged in the pleadings." In Berliner v. Travelers' Ins. Co., supra, the court quoted from May on Insurance as follows: "The weight of authority seems to be that, under an allegation of the performance of a condition, proof of a waiver is admissible without alleging the waiver."

A contrary view is expressed in 26 C. J. 504, sec. 710. It is stated in the text: "While there is authority to the contrary, yet in most jurisdictions in the absence of statute regulating the subject, if plaintiff relies on estoppel or waiver to avoid a plea of breach of warranty or condition, he must specially plead it by replication or reply, unless he has already alleged it in his declaration or complaint."

But be the weight of authority as it may on this point, it cannot affect our ruling, for, as we have pointed out, waiver is pleaded in the reply. In German Ins. Co. v. Shader, 68 Neb. 1, 93 N. W. 972, 60 L. R. A. 918, plaintiff alleged that all the conditions on his part had been performed, and to meet a defense based on conditions of the policy he was permitted to amend his petition by inserting the allegation that defendant had waived the requirement for prepayment of the premium. It was held that this was not inconsistent with allegations of performance, and that there would have been no departure from the cause of action set

up in the petition if waiver had been set up in the reply. See, also, Sun Fire Office of London, England v. Fraser et al., 5 Kan. App. 63, 47 P. 327.

The contention of defendants that the waiver and estoppel pleaded in the replies could only be applicable to the special defenses set forth in defendants' answers and would not relieve plaintiff from proving the allegations of the complaint, denied in the answers, is highly technical.

■ While waiver and estoppel are pleaded specially in the replies to each affirmative defense, there is a general allegation in the replies, as we have previously pointed out, that defendants' denial of liability on the one ground of title "waived all and every defense of any kind, character or nature to said actions." We think, under this allegation, in view of the liberal procedure enjoined by our code, that waiver could be proved as to all the issues involving forfeiture by non-performance of conditions of policies.

Section 8622, N. C. L., provides: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect."

■ Pleadings are to be liberally construed, and, in doing so in this instance, it is difficult to see how defendants could be injured. They had ample notice from the pleadings that waiver would be relied on.

■ Defendants contend that there was no proof of waiver. Their counsel concedes that during the trial in the lower court they stated that defendants waived any right to question the payment of the policies on any ground, except title, but contend that such admission was based upon the assumption that plaintiff would prove the allegation in the replies that "defendants during the entire life and existence of said insurance policies, were familiar with the use and occupancy and status of said property"; and that no such proof was offered. We think that this contention is well taken, and that the

case must be reversed on this ground. No evidence was offered to prove that the use of the buildings for the purpose of a barroom, saloon, and soft drink parlor was known to the defendants when they denied liability on the score of title in Adele Santino. Knowledge is an essential element of waiver. A party cannot waive something unknown to him. The generally accepted definition of waiver is the intentional relinquishment of a known right. 27 R. C. L. 904; 21 C. J. 1116. The very great weight of authority is to the effect that the knowledge of the insurer of a breach of condition in the policy is necessary to a waiver of its forfeiture. In 19 Cyc. at page 778, 779 it is stated: "It is a fundamental principle of the doctrine of waiver applicable equally to insurance as to other branches of the law, that a waiver to be effective against the party making it must have occurred with full knowledge of all material facts. For example it has been repeatedly held that the violation of the condition must have been known to the insurer or a waiver cannot be asserted by the insured." (See note 24 on page 779 citing decisions from a large number of states in support of the foregoing statement of the rule.)

In the case of Mrs. Annie Snyder v. Supreme Ruler of the Fraternal Mystic Circle, 122 Tenn. 248, 122 S. W. 981, 45 L. R. A. (N. S.) 209, cited by plaintiff in support of his contention that defendants, having expressly declared a single reason for refusing to pay plaintiffs insurance, waived every other ground of objection, the principle is stated that knowledge on the part of an insurer is essential to waiver. The court said: "A fraternal benefit society which refuses to pay a claim on the ground that the member was addicted to the excessive use of narcotics cannot subsequently set up the defense that the claim is on behalf of the divorced wife of the member, contrary to its by-laws, *which fact it knew at the time it refused payment.* (The italics are ours.) See, also, United Ben. Soc. of America v. Freeman, 111 Ga. 355, 36 S. E. 764; Jackson v. Life & Annuity Association (Mo. App.), 195 S. W. 535; Union M. Insurance Co. v. Huntsberry, 57 Okl. 89, 156

P. 327; Ruddock v. Detroit Life Ins. Co., 209 Mich. 638, 177 N. W. 242; Levy v. Peabody Ins. Co., supra; Pace v. Ins. Co., 173 Mo. App. 485, 158 S. W. 892; Cooley's Brief on the Law of Insurance, vol. III, p. 2460, 2461.

■ Defendants concede that the evidence is sufficient to support the findings that, at the time of the execution of the insurance policies and at the time of the fire and loss, the title to the property was in plaintiff, but contend that the court erred in permitting plaintiff to answer certain questions over defendants' objections touching his title to the property. When these questions were asked the defendant had introduced in evidence a certified copy of the deed conveying the property from plaintiff to Adele Santino, his mother, and the proofs of loss sworn to by plaintiff wherein he stated under oath that he did own the property, and that the title was held by said Adele Santino. In answer to these questions plaintiff testified that at the time he signed the deed he did not intend to deed the property to her; that he did not intend to deliver the deed to her; that he signed the deed to protect himself from creditors who were threatening to sue, and against the possibility of the United States government with whom he had had trouble over his manner of using the property, getting the property. He testified that he was the sole owner of the property. There was other testimony tending to show that there was no delivery of the deed. We think the testimony was admissible.

■ Defendants claim that plaintiff was estopped from giving such testimony on account of the foregoing circumstances indicating a fraudulent intent on his part. We think these circumstances merely affected the weight of his testimony, which was for the trial court.

The judgments and orders are reversed and a new trial ordered.