## No. 12,603.

### FIRE ASSOCIATION OF PHILADELPHIA *v.* NELSON.
(10 P. [2d] 943)

Decided April 11, 1932. Rehearing denied May 2, 1932.

Mr. W. E. Clark, for plaintiff in error.

Messrs. Foard Brothers, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

This action is based upon a policy of insurance issued by the defendant corporation insuring, ''against all direct loss or damage by fire,'' the household and personal effects, furniture, clothing, etc., of the insured and his family to an amount not exceeding $600. The issues joined by the amended complaint, the amended answer, and the amended replication are, as stated by the defendant in its brief: (1) Whether or not there was a fire such as is contemplated by the policy of insurance; (2) if there was, whether or not the evidence as to the damage and other conditions precedent required by the policy, were waived. These issues in their reverse order.

1. Counsel for defendant company says that since the plaintiff alleged in his amended complaint performance of the conditions precedent in the policy, and proved, or attempted to prove, waiver, there can be no recovery. In *Southern Surety Co. v. Farrell,* 79 Colo. 53, 244 Pac. 475, it was held that in an action on an insurance policy the plaintiff, under the allegation of performance on his part, could prove waiver by the insurer of conditions or requirements in the policy. Trial was to the court (by consent of the parties) without a jury, and

the court found that, although the plaintiff did not literally perform the conditions of the policy on his part to be performed, in case he sustained a loss by fire, nevertheless, he introduced evidence which the trial court held sufficient to establish, and thereby proved, that the conditions precedent to the right of recovery had been waived by the general agent of the insurance company who was vested with authority not only to make contracts of insurance, but also to waive conditions in the policy which were inserted for the benefit of the insurer.

2. The important question in the case is whether there was a fire in the plaintiff's house which caused him damage. The insurer relies largely upon the general rule enunciated by the Supreme Court of Iowa in the case of *Hanson v. Le Mars Mutual Ins. Ass'n,* 193 Iowa 1, 186 N. W. 468. This case is also reported and annotated in 20 A. L. R. 964. In the opinion by Mr. Justice Evans, it was said: "It is not essential to the plaintiff's right of recovery that he should show that he had suffered loss by the actual burning of any part of his property, but it is essential that it should appear that the smoke and soot from which he suffered resulted from a 'hostile' fire rather than from a 'friendly' one. Ordinarily a fire in a stove or furnace and subject to control in such place is a 'friendly' fire, and damage for smoke and soot therefrom is not within the contemplation of an insurance policy." Quoting from Wood on Fire Insurance (2d Ed.), p. 236, §103, the court further cited with approval the following: "Where fire is employed as an agent, either for the ordinary purposes of heating the building, for the purposes of manufacture, or as an instrument of art, the insurer is not liable for the consequences thereof, so long as the fire itself is confined within the limit of the agencies employed, as, from the effects of smoke or heat evolved thereby, or escaping therefrom, from any cause whether intentional or accidental. In order to bring such consequences within the risk, there must be actual ignition outside of the agencies employed,

not purposely caused by the assured, and these, as a consequence of such ignition, dehors the agencies.''

The insurer here contends that the evidence in this case brings it within the doctrine announced in the Hanson case. The essential and material facts in this record are in the main fairly thus condensed in the insurer's brief: On a certain Sunday in the year 1928, the insured's wife placed a chicken, weighing five or six pounds, in an aluminum vessel upon an electric range to be cooked, and the range was turned on ''high,'' and thereafter some friends of the insured's family requested him and his wife to accompany them on a pleasure excursion, which they did, leaving their home in the late forenoon of the day, with the range still on ''high,'' in which condition it remained until they returned some time in the late afternoon of the same day, during which time the chicken was completely consumed and, as all windows and doors of the house were closed, the contents of the home, including the fixtures, furniture and wearing apparel of the insured and his family were damaged by smoke and soot, which constitutes the basis of the latter's claim for damages. The insurance company says that there was no flame from this burning range and, so far as the testimony discloses, there was no actual fire outside of the place where it was intended to be, although it increased in intensity and the fire, or alleged fire, was at all times confined to the place, that is, to the range, where it was originated and intended to be confined, hence, as a conclusion from these facts, there was no direct loss or damage by fire and the judgment in plaintiff's favor was not sustained by the evidence.

It is unnecessary further to cite cases relied upon by the insurance company as most of them are to be found in the notation to the Hanson case. We may, however, refer to *Gibbons v. German Ins. & Sav. Inst.*, 30 Ill. App. 263; Cooley's Briefs on Insurance (2d Ed.), vol. 6, p. 4932, and *German American Ins. Co. v. Hyman*, 42 Colo. 156, 94 Pac. 27. The policy of fire insurance in the Hy-

man case excluded damages caused by an explosion. One of the questions there decided was whether the insurance company was responsible for this damage and we held that where the fire preceded an explosion and was the cause of the explosion, a recovery could be had for the damages thus resulting.

There was evidence in the case under review, which the trial court evidently believed to be trustworthy, that the damage to the property covered by the insurance policy was caused, not by a fire while burning in the range in which it was intended to be confined, but by a fire that escaped from the range and after its escape actually burned the floor and walls of the room in which the range was standing. Although there was no direct testimony by any witness that he actually saw a blaze, and there was no person in the house when the fire escaped, nevertheless, the court was justified in finding that an actual blaze or fire escaped from the range and burned holes in the floors and woodwork and walls of the room in which the range was situate, and that the smoke and soot that settled upon the furniture and fixtures and wearing apparel of the plaintiff and his family were the result of what the law books deem a hostile, rather than a friendly, fire. In other words, the judge of the court, sitting as a trier of facts by consent of the parties, found as a matter of fact that the smoke and soot which caused the damage to the plaintiff's property was caused by a fire that escaped from its original and proper place and burned the floors and walls of the room in which the range was located. In *Coryell v. Old Colony Ins. Co.*, 118 Neb. 303, 229 N. W. 326, the Supreme Court of Nebraska, on rehearing, set aside its previous holding in the same case. The final decision is in line with our decision here.

Judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Alter concur.