LOUIS P. AMPLEMAN, Respondent, v. CITIZENS' INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, April 2, 1889.

1. **Insurance:** AMOUNT OF INDEMNIFICATION. The provisions of Revised Statutes, sections 6009 and 6010, become part of the contract when an insurance is effected, and a contract for arbitration, whereby the loss may be determined by appraisers at an amount less than the statute secures, is not supported by any sufficient consideration, and is unavailable as a defense in a suit on the policy.

2. **Insurance:** MEANING OF "WHOLLY DESTROYED." The words "wholly destroyed," as used in the statute, have a technical meaning, different from their ordinary meaning in common usage, which would apply the words to any material change of form or substance. But, under the statute, a building is wholly destroyed, only when no part of it remains intact or substantially uninjured, so that it can be utilized in effectually restoring the structure to its entirety. The trial court erred in submitting to the jury, without proper definition, the meaning of the words, as well as their application to the facts in evidence.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Campbell & Ryan,* for the appellant.

The court should have given the instructions offered
by defendant, numbered 1, 2, 3 ( record, pp. 107, 108 ),
for the following reasons : Sections 6009 and 6010, of the
Revised Statutes, were a part of the contract between the
parties, and they asked the court to construe that part
of the contract which contained the words "wholly des-
troyed,"and as such they correctly explained the mean-
ing of these words. *Harriman v. Ins. Co.,* 49 Wis. 86.
The instructions given by the court of its own motion
( record, pp. 108, 109 ) were erroneous for the following
reasons : Because it was the duty of the court to ascer-
tain and interpret the meaning of the contract, and its
words " wholly destroyed," and it could not shift that
duty upon the jury as a question of fact. *State to use
v. Lefaevre,* 53 Mo. 470 ; *Edwards v. Smith's Adm'r,* 63
Mo. 127 ; *State to use v. Donnelly,* 9 Mo. App. 526. The
words "wholly destroyed" should have been inter-
preted by the court to the jury. *Wiser v. Chesley,* 53
Mo. 54; *Mueller v. Ins. Co.,* 45 Mo. 84; *Morgan v.
Durpee,* 69 Mo. 459 ; *Boogher v. Neece,* 75 Mo. 385 ;
*Turner v. Railroad,* 76 Mo. 261 ; *Railroad v.
Cleary,* 77 Mo. 638. What is "proximate" and what
is "remote" damage is a question of law and not for
the jury, and an instruction leaving this to jury is error.
*Stewart v. City of Clinton,* 79 Mo. 603, 608–614.

*A. R. Taylor,* for the respondent.

The jury's verdict decided the question on the evi-
dence, that the house was wholly destroyed. Appel-
lant's first point is not well taken. Because if it was
error for the court to refuse to define the meaning of the

statute words "wholly destroyed," it was to plaintiff's prejudice, not defendant's. For the only effect of giving to the jury the duty of determining whether the house was "wholly destroyed" was that they might erroneously have construed the words to mean the total annihilation of the material, which would have been adverse to plaintiff. The trial court took the view that the words "wholly destroyed" were plain English words, having no technical meaning, and in common use, and therefore needed no definition by the court. *Larimore v. Legg,* 23 Mo. App. 645; *Holland v. McCarty,* 24 Mo. App. 112. The court did tell the jury in the instructions given on its own motion that if building in question was wholly destroyed by fire, the plaintiff was entitled to recover the amount sued for. The insurance was on the building as such and not on the materials of which it was composed. *Nave v. Ins. Co.,* 37 Mo. 432. The doctrine that by the force of the statute of Missouri, section 6009, where there is a total loss, the amount written in the policy is conclusive evidence of the amount of loss, is sustained by the case of *Reilly v. Ins. Co.,* 43 Wis. 454, and *Cayon v. Ins. Co.,* 32 N. W. Rep. 541. These cases are on a statute substantially the same as ours. If the building was a total loss as the authorities show, then the alleged adjustment was wholly without consideration and cannot prevail against the statute. *Cayon v. Ins. Co., supra,* and other cases cited.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action upon two fire insurance policies concerning the building and some fixtures owned by the plaintiff. Touching the fixtures, there is no controversy. The premises were insured in two companies and there was judgment in favor of plaintiff in the trial court as for a total destruction, for the proportionate amount of the insurance effected in the defendant company. The defendant, appealing, assigns for error that

there is no evidence to support the verdict and that the court erred in its instruction to the jury.

The premises insured consisted of a two story brick building with additions. The answer admits a loss by fire, but states that the policy provided among other things, that if differences should arise between the company and the assured, touching the amount of damage, the loss should be estimated by appraisers selected by the parties whose award should be final, binding and conclusive upon both the company and assured as to the amount of the loss. The answer claims that after the fire the defendant and assured did select the appraisers thus provided for, who examined into the facts and reported the total damage to the building at $2119. The defendant at the date of filing its answer paid into court the amount for which it was liable, provided the appraisement was valid and binding.

The plaintiff by reply denied that any such arbitration was had and further averred that the alleged agreement was without consideration, void and of no binding force.

Upon the trial of the cause, the plaintiff gave evidence tending to show that the fire substantially destroyed the building as a structure, that the wood work with the exception of one corner of the building had been consumed so as to render it worthless and that the brick walls had been materially injured and were not fit to be used in the reconstruction of the building, this being the second fire to the action of which they had been subjected. The plaintiff's evidence conceded that part of the building remained standing and that one portion thereof was continued to be used for saloon purposes by his tenant after the fire, such portion being first repaired by the tenant. The plaintiff's testimony also conceded that he agreed to the appraisement, and that the appraisers made the award as stated in the defendant's answer, but plaintiff claimed that as the building was totally destroyed and the defendant

liable under the statute for the amount of the insurance written in the policy, the submission to arbitration was without consideration and void.

The defendant gave evidence tending to show that two of the main walls of the building were injured by the fire to such an extent that they would have to be taken down and replaced by new walls if the building was to be reconstructed, but that the two remaining walls were substantially uninjured, and could be utilized in rebuilding the structure without taking them down. That part of the building was continued to be used by plaintiff's tenant as a saloon after an expenditure of twenty-five or thirty dollars for repairs.    That the entire insurance on the building was thirty-seven hundred and fifty dollars, to wit:    Twenty-two hundred and fifty dollars in the defendant company and fifteen hundred dollars in the North British and Merchantile. That the building could have been restored to its condition before the fire, by utilizing the remaining walls fit for use, and materials at a cost of less that twenty-two hundred dollars.    That the plaintiff signed the agreement to arbitrate the loss, and did not claim that there was a total destruction, until after the appraisers made their report.

The defendant thereupon requested the court to instruct the jury that, upon the case made, the plaintiff was not entitled to recover and also asked several instructions, defining the term wholly destroyed as applicable to the building and fire loss in question.    The court refused all these instructions and upon its own motion instructed the jury as follows :

"It is a question for you to decide under the evidence in this case whether or not the plaintiff's building mentioned in the policies in evidence was wholly destroyed by the fire in question ; if the building was wholly destroyed, then the agreement to arbitrate the amount of the damage which has been read in evidence

is not binding on the plaintiff and he is entitled to recover the several amounts as demanded in the first and second counts of his petition; if on the other hand the building was not wholly destroyed then said agreement to arbitrate and the decision of the two arbitrators or appraisers thereunder, Lynds and Dunlap, are valid and binding on the plaintiff and he is entitled to recover only the several amounts tendered in the defendant's answer. Whether or not the building was wholly destroyed is a question of fact for you to decide under evidence in the case.

If you find from the evidence that the building was wholly destroyed you will find for the plaintiff on the first count in the petition and assess his damages at fifteen hundred dollars and interest at six per cent. per annum from sixty days after February 3, 1888, and you will find for the plaintiff on the second count and assess his damages at seven hundred and fifty dollars and interest at six per cent. from sixty days after February 3, 1888, you making the calculation of interest.

But if on the contrary you find from the evidence that the building was not wholly destroyed, then your verdict should be for the plaintiff on the first count for the sum of eight hundred and fifty-eight dollars and fifteen cents, and on the second count for the sum of four hundred and twenty-nine dollars and ten cents."

Two questions are presented for decision. First, whether there was any substantial evidence in the case at bar, that the building insured was wholly destroyed within the meaning of that term as used in the statute hereinafter referred to, and, next, whether if there was such evidence it was the duty of the court to define the meaning of the term "wholly destroyed" to the jury.

The statute provides: "Sec. 6009. Total loss:— Whenever any policy of insurance shall be written to insure any real property including building or buildings

owned separate from the realty, as well as such as are a part of the realty, and the property insured shall be wholly destroyed, and without criminal fault on the part of the insured or his assigns, the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property when insured and the true amount of loss and measure of damages when destroyed, and the company may either pay the amount written in such policy in cash, or rebuild and restore such building to its original condition as to value, size, plan and general finish, such work of rebuilding to commence within sixty days after the destruction of such building, and be completed with all possible speed, and to clear and remove all *debris* from the premises.

"Sec. 6010.    Partial loss :—Whenever there is a partial destruction or damage to the property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured."

The statute, being in force at the date of the contract, forms not only part of the contract between the parties, but, as was said in *Reilly v. Ins. Co.*, 43 Wis. 456, of a statute similar in its terms, controls other provisions in the policy, so that such other provisions, as far as they are inconsistent with the statute, are necessarily avoided.    This seems to be conceded by both parties, and it is further conceded that if the premises insured were wholly destroyed, this law, being part of the contract, fixed the liability of the defendant at the amount of the insurance written in the policy, and the contract of arbitration, whereby such loss was to be determined by appraisers at a less amount, was not supported by any sufficient consideration, and is unavailable as a defense.

The defendant, however, contends that there was no substantial evidence offered by the plaintiff tending to show that the building was wholly destroyed within the meaning of the term as used in the statute, and next that in view of the entire context of the statute the words "wholly destroyed," have necessarily a technical meaning, and it was the duty of the court, in instructing the jury, to instruct them as to the meaning of such words.

The contract of insurance is essentially a contract of indemnity. The sections of the law, hereinabove quoted, do not pretend to change the nature of the contract. The first section reserves to the insurance company the right to restore the building even in case it is wholly destroyed, by commencing to rebuild within sixty days and completing it with all possible speed, the second to repair it so that it shall be in as good condition as it was before the fire, unless the assured prefers to take a sum of money equal to the damage done to the property. Keeping the nature of the contract in view, and it is not obvious how a building can be considered to be wholly destroyed, as long as any parts thereof, which are subject to the action of fire, remain standing and can, without removal, be effectively utilized in its reconstruction, so that said property shall be in as good condition when rebuilt, as it was before the fire. The law certainly does not mean that a building is wholly destroyed when its integrity as a structure is gone. Such integrity is equally gone in case of a partial destruction contemplated in section 6010. The insurance is one against fire and its incidents. Walls standing above ground, as the evidence in this case shows, may be so injured by the effects of heat, or the effects of heat and water combined, as to render them substantially unfit for use as walls of the new structure. If such was the case in the present instance, of which there was some slight evidence, then and then only was the building wholly destroyed within the meaning of section 6009, because then there was a total

destruction of the standing building. The insurance covered the building as a structure and not the materials composing it. *Nave v. Ins. Co.*, 37 Mo. 432.

It will be seen from the foregoing that in our opinion the words wholly destroyed as used in the law, have necessarily a technical meaning, different from the ordinary meaning of the words in common usage. In common usage they denote a change of form or substance. We say wood is destroyed when transformed into ashes or cinders. We may say a structure is destroyed when resolved into its component materials. Under the section above quoted a building is partly destroyed when any part of it is resolved into such component materials, but wholly destroyed only when no part of it above ground remains intact and substantially uninjured, and no such part of it can be utilized as a remaining standing structure, in effectually restoring the structure to its entirety.

Only in thus construing these sections can we give effect to the great underlying principle, that a contract of insurance is essentially a contract of indemnity, and yet let the measure of that indemnity be determined according to the rules established by the statute.

Under the evidence as above detailed, we are not prepared to say that the court erred in refusing to withdraw plaintiff's case from the jury altogether, as there was some substantial evidence that no part of the standing structure could be utilized in its restoration to its condition before the fire, but the court did err in refusing the defendant's second instruction, which declared the law of the case applicable to the facts, substantially as hereinabove stated, and furthermore did err by not submitting to the jury the meaning of the words wholly destroyed, as well as their application to the facts in evidence.

All the judges concurring, the judgment is reversed and the cause remanded.