· BRANIGAN, Appellant, v. JEFFERSON MUTUAL
FIRE INSURANCE COMPANY, Respondent.

**St. Louis Court of Appeals, October 20, 1903.**

1. ` Fire Insurance: SUIT IN NAME OF BENEFICIARY. In an action on a fire insurance policy, suit may be brought in the name of the assured, although it is provided that loss, if any, is payable to a trustee *as his interest may appear.*

2. Proofs of Loss: WAIVER OF. Where the adjuster of a fire insurance company demands no proof, but concedes the company's liability, and the company executes a written agreement to arbitrate the amount of damages, proofs of loss are waived.

3. Fire Insurance: PARTIAL LOSS: OPTION OF INSURED TO REPAIR. Under section 7971, Revised Statutes 1899, where there is a partial loss of property covered by insurance, the insurance company must pay the damage in money, if the insured says so, although its policy reserves to it the privilege of repairing.

Appeal from St. Louis City Circuit Court.—*Hon. Wm.
Zachritz,* Judge.

REVERSED AND REMANDED.

*Thos. H. Harlan* for appellant.

(1)   Admission by insurer of liability for the loss operates as waiver of all proof of said loss.   Funk v. Ins .Co., 66 Mo. App. 513; Cohn v. Ins. Co., 62 Mo. App. 271; Landrum v. Ins. Co., 68 Mo. App. 339.   (2) Entering into an arbitration agreement between insurer and, insured, looking toward settlement of the loss, likewise operates as waiver of all proof of said loss.   Murphy v. Ins. Co., 70 Mo. App. 78.   (3)   Failure of insurer to furnish to insured, sustaining loss or damage by fire, such blank forms or statements and proofs of loss as such insurer may desire to be filled out, is expressly declared by statute in this State to operate as waiver of all proof of said loss.   Secs. 7977, 7978, R. S. 1899, con-

strued in Warren v. Bankers & Merchants Town Mutual Co., 72 Mo. App. 188; Meyer Bros. v. Ins. Co., 73 Mo. App. 166. (4) The party insured has the right, in this State, to elect between payment of money and making of repairs by insurer. (a) By express statute, in case of partial destruction or damage to property covered by insurance, it shall be the duty of the insurer to pay the insured for the damage in money or to repair the damaged property, at the option of the insured. Sec. 7971, R. S. 1899. (b) The parties to an insurance contract or policy are presumed to have contracted with reference to any statutes which may control the subject-matter of such policy, and such statutes enter into and become a part of the policy, any provisions therein to the contrary notwithstanding. Havens v. Ins. Co., 123 Mo. 403. (c) These sections of the statutes apply to mutual as well as to other kinds of insurance companies. Warren v. Ins. Co., 72 Mo. App. 188; Gibson v. Ins. Co., 82 Mo. App. 515.

*Herman A. Haesler* and *Harry H. Haesler* for respondents.

(1) Under and by terms of policy, appellant could not recover. Loss was not payable to him, but to Eugene J. Gross; therefore, it was error for the court to refuse the first instruction. (2) Appellant under the condition of policy had option under section 7971, Revised Statutes 1899, to take money offered, or he could let respondent proceed to repair. He could not refuse both, repair himself and sue for costs to him; and therefore the court erred in refusing respondent's first, second and fourth instructions. When he elected to and did repair, respondent had a right to drop all further proceedings and take it for granted he had at his option elected to take the $163.55, which respondent had told appellant it would cost them.

STATEMENT.

This appeal came up from an order of the court below sustaining defendant's motion for a new trial on a ground equivalent to holding that plaintiff should have been nonsuited.

Plaintiff held a policy of insurance issued by defendant on a house in St. Louis, which was injured by fire while the policy was in force. A building contractor, named Lynds, acting for the insurance company, estimated the loss to be one hundred and sixty-three dollars, and there was testimony that he proposed to the company to repair the house for that sum. The company offered either to pay the amount of his estimate or have him make repairs which would restore the house as it was before the fire; but Branigan would not accept either offer, because he thought the loss was larger and that repairs of that cost would be incomplete. Two other builders, Fitzgibbon and McMahon, estimated the damage to be around three hundred and twenty-five dollars. As the parties were unable to agree what the loss was, they stipulated for an appraisement as provided by the policy and each appointed an appraiser, but no umpire could be selected; so the scheme was abandoned and the company wrote Branigan withdrawing from the stipulation before this action was commenced.

The circuit court found the issues for the plaintiff and assessed his damages at two hundred and fifty dollars, but, as stated, set aside the verdict.

In passing on that ruling we will consider no propositions except those presented by counsel for the company, which are:

First. There was an indorsement on the policy that any loss that might happen should be payable to Eugene Gross, trustee, as his interest might appear, and the action should have been in Gross' name.

Second. No proofs of loss were furnished by the assured.

Third. The company complied with section 7971 of the Revised Statutes, and, therefore, plaintiff's recovery, if he is entitled to one, should have been limited to the amount tendered; namely, one hundred and sixty-three dollars.

GOODE, J. (after stating the facts as above).—1. The action was well brought in the name of the assured. In some jurisdictions, including the Federal courts, it must be brought that way whether the loss is payable to a mortgagee or trustee. 4 Joyce, Insurance, sec., 3611; Friemansdorf v. Ins. Co., 1 Fed. 68. In this State the mortgagee may sue so long as the debt remains unpaid; but so may the mortgagor, who is regarded during that period as the trustee of an express trust. Anthony v. German Am. Ins. Co., 48 Mo. App. 65.

2. Proofs of loss were waived by the company; for its adjuster conferred with the insured about the loss without demanding proofs, and conceded the company's liability; a written agreement to arbitrate the amount of the damage was executed, and no blank proofs were furnished the plaintiff.

3. The serious defense is based on the above-mentioned statute which reads thus:

"Whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured." R. S. 1899, sec. 7971.

At common law an insurer had no right to repair or rebuild instead of paying the loss, unless the right was reserved in the policy; but reservations of that sort became general, and by virtue of them companies

nearly always enjoyed the option of restoring the injured property to the condition it was in before the fire. 4 Joyce, Insurance, sec. 3152; Nordike v. Ins. Co., 112 Ind. 535.

The quoted statute must have been intended to nullify clauses of insurance contracts giving companies the privilege of repairing property covered by their policies if a partial loss occurred, and to confer on the insured the right to exact a cash indemnity despite such clauses; at least in instances when the benefit of the statute is not expressly waived. That construction was put on the enactment by this court in Ampleman v. Insurance Co., 35 Mo. App. 308; and in several decisions on the cognate section requiring payment of the full amount of the policy when a loss occurs, whatever stipulation the policy may contain for ascertaining the actual loss, a similar construction was given. Havens v. Ins. Co., 123 Mo. 403; Williams v. Ins. Co., 73 Mo. App. 607; Baker v. Assurance Co., 57 Mo. 559; The effect of the statute is that the company must pay a partial loss in money if the insured says so, although its policy reserves to it the privilege of repairing.

In the present case the defendant company asserts that it had a competent builder who would have completely repaired the plaintiff's house for one hundred and sixty-three dollars; that it requested permission to make the repairs, and on plaintiff's refusal, tendered him that sum; all of which there is evidence to establish. But does it follow necessarily that the defendant fully complied with the statute? We think not. The defendant had no right to repair against plaintiff's will, and he was unwilling. What was the company bound to do then? The statutory answer is that it was bound to pay the assured a sum of money equal to the damage to his property. Was the sum tendered equal to the damage? is the vital question, and the testimony bearing on it is conflicting but preponderates to the plain-

tiff's side. The fact that Lynds offered to make the needed repairs for one hundred and sixty-three dollars cuts no figure in the case except as evidence in connection with his testimony, to show the amount of the damage; since the company had no right to repair unless Branigan elected that it should, who elected, instead, to take cash. Defendant contends a hardship will be imposed if it is required to pay more than it could have made the premises whole for; but the law with reference to which the contract was made gave it no right to make them whole, providing, instead, that it must indemnify the owner in money if he asked it. In all such cases if the parties can not agree on what will be indemnity and refuse to arbitrate, a court or jury must decide the dispute on evidence; and if a contractor swears the premises could have been completely repaired for a certain sum, that testimony becomes part of the evidence to be weighed, but is not conclusive.

The case was correctly decided by the circuit court in the first instance; so the order granting a new trial is reversed and the cause remanded with a direction to reinstate the verdict and enter judgment thereon. *Bland, P. J.,* and *Reyburn, J.,* concur.