J. O. TINSLEY, Respondent, v. ÆTNA INSURANCE COMPANY, HARTFORD, CONNECTICUT, Appellant.

Tinsley v. Aetna Ins. Co.

St. Louis Court of Appeals. Opinion Filed July 12, 1918.

1. **INSURANCE: Fire Insurance: Forfeiture: Waiver.** Where the insurer, in any negotiations or transactions with the insured after knowledge of facts which would otherwise work a forfeiture, requires the insured, in compliance with the provisions of the policy to do some act or acts, incurring trouble or expense, the right to insist upon a forfeiture will be thereby waived.

2. ——: ——: ——: ——: **Nonwaiver Argeement.** The signing by insured of a nonwaiver agreement to prevent a waiver from arising by any action of the insurer in investigating the cause of the fire and ascertaining the amount of the damage, does not protect insurer against waiver, where with knowledge of facts entitling it to a forfeiture, insurer's adjuster required insured to incur trouble and expense in order to comply with the provisions of the policy.

3. **APPELLATE PRACTICE:** Review: Instructions: Harmless Error. In an action on a fire insurance policy, an instruction that if insurer's inspector knew of additional insurance at the time of the inspection of the property before the issuance of the policy, such knowledge was imputable to insurer, if error was harmless, where the right to a forfeiture of the policy because of additional insurance was waived by insurer's adjuster.

4. **INSURANCE:** Fire Insurance: Nature of Policy: Laws Applicable: Fire Insurance on Steamboats. Under section 6995, Revised Statutes 1909, placing fire insurance on ships, steamboats, and other vessels in the same class with insurance on houses, buildings, merchandise, and furniture, a policy of insurance, delivered in this State to a resident of the State, insuring a steamboat against fire, is a fire insurance policy, and governed by the fire insurance statutes of the State.

5. ———: ———: Liability of Insurer: Partial Loss: Measure of Damages. Under section 7022, Revised Statutes 1909, providing that, where there is partial destruction or damage to property, covered by insurance, insured is entitled to recover an amount equal to the damage done to the property, the measure of damages for partial loss by fire is the difference between the reasonable value of the property immediately prior to the fire and the reasonable value thereof, immediately after the fire.

6. ———: ———: Construction of Policy: Provisions in Violation of Statute. Provisions in a fire insurance policy, requiring insured to repair the property in case of a partial loss, and undertaking to limit the recovery by a co-insurance feature, with further deductions in certain instances, being directly in conflict with section 7022, Revised Statutes 1909, are wholly ineffectual.

7. ———: ———: ———: Statutory Provisions. Pertinent statutory provisions in force when the policy takes effect become as much a part of the contract of insurance as if embodied therein.

8. ———: ———: 'Liability of Insurer: Effect of Other Insurance. Where a fire insurance policy did not contain a *pro-rata* clause, insured may recover the full amount of his loss from the insurer, although there was other insurance on the property.

9. ———: Actions on Policy: Pleading: Special Defenses Must Be Pleaded. Insurer, seeking to avoid payment of the full amount of loss because of other insurance, such defense is an affirmative defense which must be specially pleaded if defendant desires to rely thereupon.

10. **APPELLATE PRACTICE:** Review: Harmless Error. In an action on a fire insurance policy, the admission of evidence, tending to prove that the value of the property immediately before the fire was in excess of the value named in the policy, if error, was not prejudicial, since no depreciation prior to the fire was shown, and

the verdict is fully warranted by the evidence as to the value of the property after the fire as compared to the value stated in the policy.

11. **INSURANCE:** Fire Insurance: Liability of Insurer: Measure of Damages: Partial Destruction. In such action, where the property was partially destroyed, the amount expended by insured. for repairs does not constitute the measure of damages.

Appeal from the Circuit Court of Lincoln County.— *Hon. Edgar B. Woolfolk,* Judge.

AFFIRMED.

*Chas. H. Stephens, Chas. H. Stephens, Jr.,* and *R. L. Sutton* of Counsel for appellant.

*Stephens, Lincoln & Stephens* and *Sutton & Huston* for appellant.

(1) An abandonment or an offer to abandon is an indispensable prerequisite of a claim for a constructive total loss. The first instruction given by the court at the plaintiff's request is erroneous, for charging, in accordance with the policy provision, as to a constructive total loss without reference to the question of abandonment. As there was confessedly no abandonment and no offer to abandon, the whole instruction is misleading and erroneous. 26 Cyc. 697; Globe Ins. Co. v. Sherlock, 25 O. S. 50, at 65; Insurance Company v. Canada Sugar Refining Co., 87 Fed. 491; Stewart v. The Greenup Marine Ins. Co., 2 H. L. Cases 159 Thomas v. The Rockland Ins. Co., 45 Me. 116; Norton v. The Lexington Ins. Co., 16 Ill. 245; Gomila & Co. v. Hibernia Ins. Co., 40 La. Ann. 553; Thompson Steel Co. v. Boylston Ins. Co., 12 Mo. App. 244; 2 Parsons on Marine Ins. (1 Ed.), p. 110. (2) The second instruction given by the court at plaintiff's request is erroneous for ignoring the agreed value of the boat as fixed by the policy. The policy fixed the value at $15,000 and that valuation concluded the parties. The trial court also erred on this point in permitting plaintiff over defendant's objection to introduce opinion

evidence of a greater value. Lockwood v. The Sangamo Ins. Co., 46 Mo. 71; Insurance Co. v. McLoon, 100 Mass. 475; The Potomac, 105 U. S. 635; Standard Marine Ins. Co. v. Nome, etc., Co., 133 Fed. 646; Sturm v. Atlantic Mutual Ins. Co., 63 N. Y. 77; 4 Cooley's Brief on Insurance, p. 2984; 26 Cyc. 672. (3) The court erred in refusing to consider the well established rule of deducting one-third new for old from the cost of repairs in estimating the amount of damage to the boat and in refusing defendant's instructions Nos. 7, 8 and 9 covering this point. The policy provided for such allowance, which, irrespective of the policy provision, is a well established rule of the law of marine insurance in the adjustment of partial losses. Kerr v. The Quaker City Ins. Co., 33 Mo. 158; Wallace v. Ohio Ins. Co., 4 Ohio, 235; Perry v. Ohio Ins., Co., 5 Ohio, 305; Globe Ins. Co. v. Sherlock, 25 O. S. 68; Joyce on Insurance (1 Ed.), sections 3078 and 3079; 4 Cooley's Briefs on Insurance, p. 2994; Byrnes v. National Ins. Co., 1 Cowden (N. Y.), 265; Eager v. Atlas Ins. Co., 14 Pickering, 141, 147; Richards on Insurance (3 Ed.), section 209; 19 American & English Encyc. of Law, p. 1063, 26 Cyc. 676, and cited. (4) Section 7022, R. S. 1909, has no application to this case. On a proper construction that section does not apply to marine insurance or to personal property. Paragraph 5 of plaintiff's policy provides that in case of partial loss it shall be the duty of the plaintiff to repair the boat, and that the insurance company, after making the deduction of one-third new for old, shall contribute to the cost of repairs in the proportion which the amount of the policy bears to the agreed value of the boat. Section 7022 does not affect such provision. In any event the section does not determine the method of adjusting or fixing the amount of a loss or the proportion for which the defendant would be liable. Sections 6009 and 6010, R. S. 1879; Sections 5897, 5898 and 5899, R. S. 1889; Sections 7969, 7970, 7971, R. S. 1899; Sections 7020, 7021, 7022, R. S. 109. (5) Irrespective of any statutory questions, the third instruction is erroneous in fixing the defendant's

proportion at one-tenth of the entire loss. As there was $14,500 of total insurance and defendant's policy was for $1000, the defendant at most was liable for 10/145 and not 1/10. Hana v. Insurance Co., 109 Mo. App. 157. (6) Section 7023, R. S. 1909, has no application to a policy of marine insurance, and therefore the policy provision that the defendant should only be liable for such proportion of the loss or damage as the amount to-wit, $1000, bore to the agreed value of the vessel, to-wit, $15,000, or 1/15, was valid and enforcible. Nalley v. Home Ins. Co., 250 Mo. 452, at pp. 471, 472, 474; Laws of 1893, p. 186; 2 Parsons on Marine Insurance (1 Ed.), pp. 405, 406; 26 Cyc. 672; Trull v. The Roxbury Ins. Co., 3 Cushing, 263, at 267. Egan v. British, etc., Ins. Co., 193 Ill. 295; 61 N. E. 1081; Western Assurance Co. v. Southwestern Transportation Co., 68 Fed. 923; Chicago Ins. Co. v. Graham Transportation Co., 108 Fed. 271; P. & O. Steamship Co. v. Atlantic Mut. Ins. Co., 185 Fed. 172; Thompson v. Rockland Ins. Co., 45 Me. 116; Insurance Co. v. Dunham, 11 Wallace, 1. (7) Section 7023, R. S. 1909, violates section 53 of article 4 of the Missouri Constitution, prohibiting special laws and class legislation, and violates the Fourteenth Amendment of the Constitution of the United States, guaranteeing to all persons within the jurisdiction of the State the equal protection of the law, in that said section is inoperative in cities of a hundred thousand inhabitants or more. Woolley v. Mears, 226 Mo. 4850; State ex rel. v. C., B. & Q. Ry. Co., 195 Mo. 245; State v. Miksicek, 225 Mo. 574; State v. Walsh, 136 Mo. 406; State v. Julow, 129 Mo. 163; State ex rel. v. Railroad Co., 246 Mo. 514; Julian v. The Kansas City Star Co., 209 Mo. 102; Houston v. Pulitzer Publishing Co., 249 Mo. 337; State v. Bottling Co., 261 Mo. 306; Bessette v. The People, 193 Ill. 334, 347, 348, 350; Commonwealth v. Hana, 195 Mass. 266, 267; State v. Mayo, 15 N. D. 327; Jackson v. State, 117 S. W. 819, 820, 55 Texas Crim. Reports, 557; Malone v. Williams, 118 Tenn., 390; Janesville v. Carpenter, 77 Wisc. 302, 303; Sutton v. State, 96 Tenn.

707; People v. Fox, 247 Ill. 407; Ex parte Drexel, 147 Cal. 763; Simon v. Queen Ins. Co., 120 La. 488. The constitutional question here involved was properly raised in the court below. (Abs. p. 273.) Logan v. Field, 192 Mo. 66; Bank v. Bennett, 138 Mo. 500. (8) The policy in suit was void because the assured chartered the vessel without the knowledge or consent of the defendant company contrary to the provision in the policy. There is no evidence of any legal waiver and the court should have instructed the jury on this ground to have returned a verdict for the defendant. Instruction No. 5 (Abs. 255) on the alleged waiver of the forfeiture thereby incurred is erroneous among other reasons for not considering the non-waiver agreement. Tennessee Marine Ins. Co. v. Scott, 14 Mo. 39, star p. 46; Eddy v. Tennessee Marine Ins. Co., 21 Mo. 587; State ex rel. v. James Ellison et al., 269 Mo. 410; Northern Assurance Co. v. Grandview Building Assn., 183 U. S. 308; Lumber Underwriters v. Rief, 237 U. S. 605; Kyte v. Commercial Assurance Co., 144 Mass. 43; Insurance Co. v. Titus, 82 O. S. 161; Oatman v. Bankers Fire Association, 66 Ore. 388; Athens Mutal Ins. Co. v. Evans, 132 Ga. 703; Nickell v. The Phoenix Ins. Co., 144 Mo. 420; Springfield Laundry Co. v. Insurance Co., 151 Mo. 90; Thompson v. Traders Ins. Co., 169 Mo. 12; Keet, Rountree Dry Goods Co. v. Insurance Co., 100 Mo. App. 504; Fletcher v. Minneapolis F. & M. Ins. Co., 80 Minn. 152, 83 N. W. 29; Bakhaus v. Germania Fire Ins. Co., 176 Fed. 879; Gibson Electric Co. v. Insurance Co., 159 N. Y., 418; Matthie v. Globe Ins. Co., 174 N. Y. 489; Richards v. Continental Ins. Co., 83 Mich. 508, 47 N. W. 350; Richards on Insurance (3 Ed.), section 150. (9) The other insurance on the boat existing, at the time the present policy was written, without the knowledge or consent of the defendant company, under the terms of the policy avoided the policy. There was no valid notice given the defendant of such other insurance. The alleged conversation between Tinsley and Wilson at the time Wilson was inspecting the boat for the purpose of fixing its value, was not notice to the com-

pany. The sixth instruction given by the court to the effect that it was notice is erroneous in law for the reason that it was no part of Wilson's duty to report such conversation or to see how the policies were written, or to do anything except to put a value on the vessel. Hutchinson v. Western Ins. Co., 21 Mo. 97; Hayward v. National Ins. Co., 52 Mo. 181; 2 Mechem on Agency (2 Ed.), sec. 1831; Russell v. Cedar Rapids Ins. Co., 78 Ia. 216, 42 N. W. 654; Butler v. Michigan Mut. Life Ins. Co., 184 N. Y. 337; Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613; Donham v. Hahn, 127 Mo. 439, 447; Columbia Paper Co. v. Fidelity & Casualty Co., 104 Mo. App. 157, 166. (10). The "fine print" speech of plaintiff's counsel, delivered in his closing argument to the jury, and the refusal of the court to sustain the defendant's objections to the conduct of counsel, were so damaging and prejudicial as to amount to reversible error. Barnes v. St. Joseph, 139 Mo. App. 548; Haake v. Milling Co., 168 Mo. App. 180; Torreyson v. Railroad, 144 Mo. App. 637; Sullivan v. Chicago, etc., Ry. Co., 119 Iowa, 1264, 93 N. W. 367; Stauffer v. Railroad, 243 Mo. 324.

*Fauntleroy, Cullen & Hay* for respondent.

(1) The defendant's breach of warranty on account of other insurance and the chartering of the vessel is waived as a matter of law, and this issue was submitted to the jury under the proper instructions. Maxey v. Met. Str. Ry. Co., 95 Mo. App. 303; Lierheimer v. Ins. Co., 122 Mo. App. 374; 2 Black on Rescission and Cancellation, sec. 547, and other cases cited under Point 1. (2) The Missouri statutes apply to fire policies on steamboats. Sec. 6995, and other Secs. of Missouri Statutes quoted in the Argument; Dierkes v. Ind. Mutual Ins. Co., 159 Mass. 514, 34 N. E. 1133; Logan v. Fidelity & Casualy Co., 146 Mo. 114. (3) Section 7023 is not unconstitutional and, even if it were, appellant is in no position to insist upon such contention. So. Ry. Co. v. King, 217 U. S. 524;

Ashley v. Ryan, 153 U. S. 436, and other cases cited under Point 3. Nalley v. Home Ins. Co., 250 Mo. 452; Black, Constitutional Law, page 64, sec. 44. (4) The measure of damages under our statute requires the insurer to pay a sum of money equal to the damage done to the property. Rogers v. Ins. Co., 157 Mo. App. 680; Branigan Case, 102 Mo. App. 70; Process Co. v. Ins. Co., 175 Mo. App. 317, and cases quoted from in the Argument under Point 4. (5) The instruction on the measure of damages is correct. Jackson v. British Am. Assurance Co., 166 Mich. 47, 63 N. W. 899, 30 L. R. A. 636, and other authorities quoted in the Argument under Point 5. (6) Defendant, by denying liability, waived notice of abandonment, and such issue was not in the case, even under the doctrine applied to marine insurance. Force v. Providence Washington Ins. Co., 35 Fed. 767; Phillips Ins. sec. 1684 et seq. (7) There is no provision in the policy requiring the insurance to be prorated with other insurance, and plaintiff was entitled to recover the full amount from any insurer, leaving the latter to seek contribution. Newby v. Reed, 1 W. Bl. 416, 14 Eng. Rul. Cas. 498, and note, and cases cited in the Argument under Point 7.

ALLEN, J.—This is an action upon a policy of insurance, in the sum of $1000, issued by the defendant insurance company, on August 3, 1912, insuring the steamboat "Wenona" for one year against loss by fire and other perils; being one of a series of four policies issued simultaneously by defendant to plaintiff (doing business as the Tinsley Steamboat Company) on the boat mentioned, the insurance aggregating in all $10,000. Defendant lived at or near Caruthersville, Missouri, and the policies were delivered to him at that place through a firm of local insurance agents. Shortly prior to the issuance of the policies, the steamboat was "rebuilt" at Paducah, Kentucky, i. e., a new superstructure was placed thereon and

new engines and boilers installed. On or about November 16, 1912, while the boat was at or near Osceola, Arkansas on the Mississippi River, all of the upper portion thereof was destroyed by fire. Defendant denied liability upon the policies, hence this suit.

The petition is in the usual form. The answer admits "that on or about the third day of August, 1912, at Caruthersville, Missouri, for the consideration of $120.00, said defendant company did then insure The Tinsley Steamboat Co., in the sum of $1000, upon the steamer 'Wenona' for the term of one year, . . . against the peril of fire;" and that defendant received notice of the fire. The other allegations of the petition are denied generally. The answer then sets up certain special defenses. The issues thus raised, so far as now of importance in the case, will sufficiently appear from our discussion, infra, of questions presented by the appeal.

The trial, before the court and a jury, resulted in a verdict and judgment upon the policy in suit in the sum of $950, and the defendant appealed. The appeal was taken to the Supreme Court upon the theory that the constitutionality of section 7023, Revised Statutes 1909, was involved, but that court has transferrred the cause here, holding that the constitutional question was not timely raised and hence not in the case.

Such further reference will be made to the evidence, in the course of the opinion, as may appear to be necessary to a disposition of the questions involved.

As special defenses defendant alleged that the policy was void and unenforcible by reason of violation by plaintiff of the following provisions thereof, viz:

"This policy shall become void if any further insurance, whether valid or not, has been or shall be made on said vessel, which together with this insurance shall exceed the sum of ten thousand and

00-100 dollars, or upon any assignment of this Policy or charter of said vessel, unless notice is given to this Company, and ' the same be approved and endorsed hereon in writing by an officer or duly authorized Agent of the Company.''

The evidence shows that at the time of the issuance of these policies and thereafter there was additional insurance upon the boat in the sum of $4500; and also that the boat had been chartered to one Nowland a few days prior to the fire. Plaintiff · undertook to show that defendant had waived its right to insist upon a forfeiture by reason of either of these · matters. There is no evidence that defendant, through an agent or otherwise, knew of the chartering of the vessel until after the fire. There is evidence, however, that shortly prior to the issuance of defendant's policies one Wilson, an inspector for defendant, while making an examination of the boat, at Paducah, Kentucky, for the purpose of valuing the same and reporting to defendant in regard to the desirability of the risk, learned of the existence of the policies of additional insurance, in the sum of $4500; that at plaintiff's request Wilson examined the policies, and advised plaintiff to pay the premium thereon then due.

The evidence further shows that immediately after the fire defendant's adjuster, Captain Scott, was directed by defendant to go to the scene of the wreck and investigate the matter. It appears that he arrived at the wreck on the Sunday following the fire and made an examination of the vessel and an investigation as to the cause of the fire. According to his testimony there was no one upon the boat except a watchman in charge thereof. He testified that he then and there discovered the fact that additional insurance was carried upon the boat and also that the boat had been chartered to Captain Nowland shortly before the fire. There is testimony for plaintiff that Scott directed that plaintiff, or plaintiff's agent, be summoned to meet him at Memphis. It appears that

plaintiff and Scott first met on a train en route to Memphis; and that on the following day they met in Memphis, in the office of one Hart, an insurance adjuster. One Greenwell, plaintiff's son-in-law, was present. Thereupon, and before proceeding further, defendant's adjuster required plaintiff to sign what is termed a "non-waiver agreement." This instrument provided, in effect, that any action taken by defendant in ascertaining the amount of the loss and in investigating the cause thereof should not waive or invalidate any of the conditions of the policy. The testimony in plaintiff's behalf is to the effect that subsequent to the signing of this instrument defendant's adjuster, Scott, calling attention to certain provisions of the policy, directed plaintiff to have the remains of the boat towed to Memphis, and to have hog chains put thereupon; and that, pursuant to such directions, plaintiff caused these things to be done, at considerable expense.

Scott, in testifying admitted that he called plaintiff's attention to the clause of the policy providing for "proceedings in case of loss." In regard to this he testified as follows: "Mr. Tinsley asked me what he was to do in the matter and I said that acting on the non-waiver agreement and without any authority to tell you anything but as Dana Scott, I will simply say your policies tell you what you have to do and the policy is there, and I showed him the clause in the policy. I showed him the clause that says that he shall use every effort to recover and safeguard that property and have it repaired. I did that as Dana Scott without any connection or authority from the insurance company, just as a friend."

The question as to defendant's waiver of the right to avail itself of these defenses by reason of the said acts of its adjuster, was submitted to the jury by plaintiff's instruction No. 5, which is as follows:

"If you find from the evidence that Dana Scott was the adjuster of the defendant company and was

authorized by the defendant company to look into or examine and adjust the loss to the Steamer Wenona and that he went to the scene of the fire and met the plaintiff and if you believe that shortly after the fire the said Dana Scott while investigating said loss as such adjuster was informed that the total insurance on said boat was $14,500 and was also informed that said boat had been chartered to a third person and was being run by a third party, at the time it burned, and if you' believe from the evidence that after the said Dana Scott obtained information of said matters, he, the said Dana Scott while acting as such adjuster for defendant herein ordered and directed the plaintiff or his agent to meet him at Memphis for the purpose of further investigating said loss and also as such adjuster ordered and directed the plaintiff to have the remains of said boat taken to Memphis and that the plaintiff in obedience to said request and direction met said adjuster at Memphis and had the remains of the boat towed to Memphis, and if you further believe that the plaintiff was put to trouble and expense on account of having to go to Memphis and to have said boat towed there under the direction of said Scott as such adjuster, then you may find that the defendant waived its right to insist that the policy sued upon is void because of excess insurance or because it was chartered to a third party and this is true notwithstanding the defendant had no knowledge before the fire that the boat had been chartered or that the total insurance was $14,500.''

It is argued that it was error to thus submit the question of waiver to the jury. But this contention cannot be upheld. It is well settled that if, in any negotiations or transactions with the insured after knowledge of facts which would otherwise work a forfeiture, the insurance company requires the insured, in compliance with the provision of the policy, to do some act or acts, incurring trouble or expense, the

right to insist upon a forfeiture will be thereby waived. [Bowen v. Ins. Co., 69 Mo. App. 272, and cases cited; Dolan v. Ins. Co., 88 Mo. App. 666; Oehler v. Ins. Co., 159 Mo. App. 707, 139 S. W. 1173; Pace v. Ins. Co., 173 Mo. App. 485, 158 S. W. 892; Keys v. Knights & Ladies of Security. 174 Mo. App. 671 and cases cited, 161 S. W. 345; Shearlock v. Ins. Co., 193 Mo. App. 430, l. c. 437, 182 S. W. 89.]

As to the "non-waiver agreement," it quite clearly appears that in no event could it have the effect of protecting defendant against the consequences of such acts of its adjuster as those here in question. The right of an insurance company to protect itself against a waiver by an instrument of this character appears to have been recognized in Keet-Rountree Company v. Insurance Co., 100 Mo. App. 504, 74 S. W. 469; though such agreements have frequently been held to be wholly ineffectual for such purpose. [See Carson v. Ins. Co., 113 Iowa, 641; Millers Nat'l Ins. Co. v. Milling & Elevator Co., 60 Ill. App. 224; McMillan & Son v. Ins. Co., 78 S. C. 433.]. But however this may be, there is nothing in the terms of the so-called non-waiver agreement to prevent a waiver arising by conduct of the adjuster in requiring the assured to incur trouble and expense in order to comply with provisions of the policy. This instrument undertakes merely to prevent a waiver from arising by any action of the insurance company in investigating the cause of the fire and the amount of the damage. It is by no means clear that such action, alone, would waive a forfeiture in the absence of such an agreement; but it is certain that the instrument does not undertake to protect the company against a waiver by reason of acts of its adjuster such as are here involved, and could have no such effect. [See Rudd v. Fire Ins. Co., 120 Mo. App. 1, l. c. 15, 16, 96 S. W. 237.]

Plaintiff's instruction No. 6 told the jury that if they found that before the policy in suit was issued

Wilson was employed by defendant for the purpose of inspecting the boat, and did so inspect it and ascertain whether or not it was a desirable risk, and that while making such inspection and investigation he was informed by plaintiff of the insurance of $4500 then on the boat and that the policy was thereafter issued, then the policy sued upon was not void because of the existence of such additional insurance.

Appellant contends that, under the evidence adduced concerning the scope of Wilson's authority as defendant's representative, his knowledge was not defendant's knowledge; and that it was error to give this instruction. Whether or not notice to Wilson of the additional insurance, under the circumstances, was notice thereof to defendant, we deem it unnecessary to pass upon. If it was error to give this instruction (which we do not decide) we think that it was not reversible error. If, after the loss, defendant's adjuster required plaintiff to incur trouble and expense, in compliance with provisions of the policy, such conduct operated as a complete waiver of both of these special defenses.

As the case was sent to the jury by the instructions for both parties, it was necessary for the jury to find the facts hypothesized in plaintiff's instruction No. 5, supra, in order to find a verdict for plaintiff; for otherwise no waiver of forfeiture on account of the chartering of the vessel without defendant's knowledge could have been found. The verdict of the jury must consequently be taken as a finding of such facts in favor of plaintiff, from which a waiver of both of these defenses must inevitably follow.

Whether a waiver of both of such defenses appeared as a matter of law, by reason of the retention of the premiums (which were tendered back only through the answer) or otherwise, as contended by respondent, we need not say. From the facts necessarily found by the jury such waiver inevitably arises. [See Bowen v. Ins. Co., supra.]

Plaintiff's instructions in regard to ascertaining the total amount of the loss and the amount recoverable under the policies sued upon, are as follows:

No. 2.

"If under the evidence and the instructions you find for the plaintiff and if you find that the fire damaged the steamer Wenona and its apparel and furniture and the value of said steamer and its apparel and furniture was less after the fire than it was before the fire, then in arriving at the full amount of the loss sustained in this case you will ascertain from the evidence the value of said steamer, apparel and furniture immediately before the fire and the value of said steamer, apparel and furniture immediately after the fire and from the value before the fire you will deduct the value after the fire and the result thus obtained will be the total amount of plaintiff's loss and damages on account of the fire."

No. 3.

"If you find for the plaintiff, you will find that the amount of loss and damage which plaintiff should recover in this case, on this policy is one-tenth of the entire loss and damage sustained, ascertained in accordance with instructions No. (2) Two, however, the sum so found, shall not exceed, exclusive of interest, the sum of $1000, and on the said sum so found, you will compute six per cent interest from December 16, 1912, to this date, and add the interest so found to the principal and the sum so found will be the amount of your verdict on the policy, if you find for the plaintiff."

Appellant insists that the trial court erred in giving these instructions. Certain provisions of the policy are invoked in this connection which, it is contended, are controlling. Whether or not these provisions control the amount recoverable depends upon whether or not our statutes relating to fire insurance policies govern the policy in suit. Appellant contends that the policy is one of marine insurance, and is for that reason unaffected by our laws relating to fire insurance. But we think that this contention is un-

sound. The policy was delivered in this State to plaintiff, a citizen of the State. It is a Missouri contract, and insures against loss by fire; and the action is one for a fire loss. That it is governed by the Missouri laws relating to fire insurance policies we think cannot well be doubted. We perceive nothing in our statutes to warrant the conclusion that a policy insuring a steamboat or other vessel against loss by fire is to be exempt from the operation of our laws governing fire insurance policies generally. And as opposed to such view section 6995, Revised Statute 1909, places fire insurance on "ships, steamboats and other vessels" in the same class with insurance on "houses, buildings, merchandise, furniture," etc.

Holding, as we do, that the contract of insurance here drawn in question is governed by our fire insurance statutes, it follows that the amount recoverable as for a partial loss is to be determined by the provisions of section 7022, Revised Statute 1909. That section provides:

"Whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured."

Under this section the insured is entitled to recover, for a partial loss, "a sum of money equal to the damage done to the property." The damage done to the property is properly ascertainable by proof of the reasonable value of the property immediately prior to the fire and the reasonable value thereof immediately after the fire. [See McIntyre v. Ins. Co., 131 Mo. App. 88, l. c. 94, 110 S. W. 604; Sharp v. Ins. Co., 164 Mo. App. 475, 147 S. W. 154.] The provisions of the policy requiring the insured to repair the property, in case of a partial loss, and undertaking to limit the recovery by a coinsurance

feature, with further deductions in certain instances, are wholly ineffectual, being directly in conflict with the provisions of section 7022, supra. In like manner other provisions of the policy which conflict with our statutes are without effect. The pertinent provisions of our statutes, in force when the policy took effect, became part and parcel of the contract of insurance as if embodied therein. [Havens v. Ins. Co., 123 Mo. 403, 27 S. W. 718; Sharp v. Ins. Co., supra.] The statutory provisions control over inconsistent provisions of the policy, rendering the latter nugatory. [See Havens v. Fire Ins. Co., supra; Sharp v. Ins. Co., supra; Branigan v. Ins. Co., 102 Mo. App. 70, 76 S. W. 643; Ampleman v. Ins. Co., 35 Mo. App. 314.]

It follows that it was not error to give plaintiff's instruction No. 2, despite the provisions of the policy upon which appellant relies. It is unnecessary to refer to all of these provisions at length, since to the extent they conflict with our statutes controlling the matter in hand they are without influence.

Nor do we perceive any error in giving plaintiff's instruction No. 3. It is urged that this instruction is erroneous in allowing a recovery in this action for one-tenth of the entire loss and damage, since it appeared there was other insurance upon the boat, which, appellant says, "would naturally have to pro-rate with the $10,000 of insurance, of which the policy in suit was a part." But the policy sued upon contains no "*pro rata* clause." And in the absence of a provision in the policy to the contrary it is held the insured may recover the full amount of his loss from any insurer, leaving the latter to seek contribution. [See 4 Cooley, Briefs on Insurance, p. 3098.] Furthermore, the answer does not set up such defense, *pro tanto*. It is an affirmative defense which must be specially pleaded if defendant desires to rely thereupon. [See Fager v. Commercial Ins. Co., 189 Mo. App. 464, 176 S. W. 1064, and cases cited.]

We think that appellant cannot justly complain of the amount of the verdict, to-wit, $950, upon this policy; thus fixing plaintiff's total loss at $9500. One witness for plaintiff testified that the value of the property immediately after the fire was $3500. Another placed such value at from $4000 to $5000, adding, this was a "large estimate." In the policy the value of the property is agreed upon as being $15,000; and appellant contends that this must be taken as its value prior to the fire. Evidence adduced by plaintiff, admitted over defendant's objections, tends to show that the value prior to the fire was in excess of $15,000. Assuming, without deciding, that appellant is correct in its said contention, then, since no depreciation was shown prior to the fire, which occurred a little more than three months after the policy was issued, the verdict, as one-tenth of the loss, ascertained in accordance with plaintiff's instruction No. 2, supra, is fully warranted. And in this view the admission of plaintiff's testimony regarding the value of the property prior to the fire, could not, in any event, be regarded as prejudicial error.

It is true that the evidence shows that the vessel was repaired and equipped after the fire at a cost of $6000 to $7000. But the amount thus expended for repairs does not constitute the measure of plaintiff's damages. Plaintiff was not bound to repair the property; and the evidence shows that no attempt was made to restore the boat to its original condition. The evidence is that the vessel was "rebuilt" out of rough material, for use as a towboat; whereas it had previously been a passenger and freight boat. As reconstructed there was no room upon it to carry either passengers or freight; and much of the original equipment was not replaced.

A point is made regarding alleged improper remarks of counsel for plaintiff in argument to the jury, but we regard it as entirely clear that the re-

Tinsley v. Aetna Ins. Co.

marks in question were not of a prejudical character, warranting a reversal.

We perceive no reversible error in the record, and it follows that the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.