# ED. TERRY v. NATIONAL FIRE INSURANCE COM-
# PANY.

Springfield Court of Appeals, June 26, 1923.

1. **INSURANCE: Iron Safe Clause Held Waived by Adjuster.** Not-withstanding nonwaiver agreement after loss, where adjuster, find-ing that iron safe clause had not been complied with, and that the books had been burned in the fire, which totally destroyed in-sured building and stock, advised insured to get duplicate invoices from the companies from whom he had bought the goods, and later wrote insured to the same effect, *held*, that a waiver of forfeiture on account of failure to comply with the iron safe clause could be inferred.

2. ————: **Verdict for Attorney's Fee Held Valid.** In action against fire insurance company, a verdict assessing against defendant for vexatious delay the sum of $————, and assessing against defend-ant as and for attorney fees the sum of $290, *held* not open to the objection that, with no sum found against defendant for vexatious delay, the attorney fees could not stand.

Appeal from the Circuit Court of Dunklin County.—*Hon W. S. C. Walker,* Judge.

AFFIRMED.

*Hugh B. Pankey* and *Hal H. McHaney* for appellant.

*George Smith* for respondent.

FARRINGTON, J.—The defendant company ap-peals from a judgment rendered against it in the cir-cuit court on a policy of fire insurance which had been issued to plaintiff on his store building and stock of goods. It appears from the record that the property in-sured was destroyed by fire, and that the insured failed

to comply with what is termed the fire-proof safe clause which was contained in the contract of insurance. The company was notified of the loss and its adjuster came to Kennett, the town in which the plaintiff's store was located, and was informed, according to plaintiff, of his failure to have complied with the fire-proof safe clause.

Plaintiff testified that he and the adjuster, Knapp, went to look at the loss. The following question and answer were made:

"Q. What did you do then?" A. Well, he says, 'it's a complete loss' and I says 'Yes,' and I told him all my books had burned up, and he told me he didn't know how I would go about it without I would go out and get duplicate invoices from all the companies."

A non-waiver agreement appears to have been signed by the plaintiff on June 15, 1921, in which the sole object and intent of the agreement was set out as being to provide for the determination of the amount of loss and damage and investigation of the cause thereof. On June 17, 1921, two days thereafter, this adjuster wrote the plaintiff the following letter:

"St. Louis, Mo., June 17th, 1921."

"Mr. Ed Terry,

"Kennett, Mo.

"Dear sir:

"I have this morning made a detailed report of the circumstances as to your loss claim and take this opportunity to advise you that acting as adjuster for the Great American Fire Insurance Company, also the National Fire Insurance Company, whose policies you hold, I now call your attention to the non-compliance, on your part with the iron safe and inventory clause contained in your policies, and suggest that as soon as you can obtain the required data as to stock purchases and sales I will then be glad to make an appointment with you and again take up the adjustment of your claim.

"Yours very truly,

"CHAS. F. KNAPP, Adjuster."

"Dear Sir:

"In regard to the above will have all O. K. by the 15th of July, 1921.

"ED. TERRY."

We have called attention to the evidence and letter heretofore set out for the purpose of showing that there is evidence in this case from which it can be inferred that the company did not intend to insist upon the right to forfeit on account of the failure to comply with the iron safe clause, and evidence from which could be inferred a waiver of such provision in the policy. It would be useless to go over the cases which sustain our holding in this respect, and a mere citation of authorities will be sufficient to sustain the rule announced.

It has been held in some of the following cases, with which we agree, that the non-waiver agreement does not undertake to cover anything except to determine the cause of the fire and the amount of the loss, and that therefore the non-waiver agreement did in no wise protect the defendant from waiving the breach of the iron safe clause in what it directed the plaintiff to do of June 17th, quoted. [Tinsley v. Aetna Insurance Co., 205 S. W. 78, 80; Rudd v. Fire Insurance Co., 120 Mo. App. 1, 15, 16, 96 S. W. 237; Pace v. American Central Ins. Co., 173 Mo. App. 485, 158 S. W. 892; Keys v. Knights & Ladies of Security, 174 Mo. App. 671, 161 S. W. 345; Travis v. Continental Ins. Co., 179 S. W. 766; Gibson v. Insurance Co., 82 Mo. App. 515.]

This disposes of the principal contention made by appellant in this case.

We may add, by way of parenthesis, that the case of Keet & Rountree Dry Goods Co. v. Insurance Co., 100 Mo. App. 504, 74 S. W. 469, recognizes the validity of a non-waiver agreement, and that the same court, in the Tinsley case (205 S. W. 78) on page 80, calls attention to the fact that a number of other authorities outside of this State hold such an agreement ineffectual. Without

deciding it, we may say there is strong reason to hold that the rights of the parties are fixed by the policy and the events that happen after its issuance, and that it could be well held that such an agreement is a mere *nudum pactum* and ineffectual on account of failure of consideration.

A submission of the question of deception should not have been included in instructions to the jury; however, we do not feel this could have affected the result of the verdict, and it is harmless error.

The verdict assessed against the defendant for vexatious delay the sum of $———; and assessed against the defendant as and for attorney fees the sum of $290. Appellant complains that having found no sum against defendant for vexatious delay the attorney fee cannot stand, and cites cases. We, however, think that the case of Non-Royalty Shoe Co. v. Phoenix Assurance Co., 210 S. W. 37 1. c. 42, upholds the finding in the instant case. There is a finding for vexatious delay, followed by a finding for attorney's fees. This point is ruled against appellant.

A point is raised as to the form of questions asked defendant's adjuster while on the stand. There was no error affecting the result of the verdict on account of these questions.

There is no claim throughout this record but what the plaintiff's insurance was in full force on the night of the fire, or any charge that he was in any way guilty of burning it, and the records which he produced at the suggestion and direction of the adjuster to take the place of the books which were burned clearly evidenced the value of the property destroyed to be more than the insurance. The only real issue in this law suit was on the question of whether the company had waived the right to insist on the iron-safe clause, and having ruled that against the appellant, we think the judgment is for the right party, and that no serious error appears in the trial of the cause. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.