THOMAS S. NELSON, Respondent, *v.* JOHN BOLAND, Appellant.

1. *Payment—Evidence—Receipt.*—A receipt to be evidence of payment must be in the possession of the party purporting to have paid the money; while in the possession of the creditor it is no evidence of payment by the debtor.
2. *Practice—New Trial.*—Judgment set aside because there was no evidence to authorize the verdict.

*Appeal from St. Louis Law Commissioner's Court.*

*Jewett,* for appellant.

The judgment of the Law Commissioner's Court is asked to be set aside as being entirely without evidence to support

it. That this court will set aside a judgment that has been rendered without evidence to support it, has been decided by this court in the cases of Morris v. Burnes' adm'rs, 35 Mo. 412, and Heyneman v. Garneau, 33 Mo. 565.

*C. G. Mauro,* for respondent.

LOVELACE, Judge, delivered the opinion of the court.

This was an action to recover back money claimed to have been twice paid upon an account. The plaintiff introduced in evidence a paper purporting to be an account current of items purchased by the plaintiff of the defendant. In the year 1855 this account was footed up, and a balance of one hundred and ten dollars appeared against Nelson. The account then seemed to be receipted in full, when another account between the same parties was added on to the same piece of paper, and under the first receipt, running on to 1859, when the account was again footed up, and the balance of one hundred and ten dollars of the first account added into the second account, when it was again receipted in full. The only question in the case is, whether this account thus receipted is any evidence that the one hundred and ten dollars was twice paid. The court below held that it was, and rendered a verdict for the plaintiff; and the defendant asks to reverse that judgment, for the reason that there was no evidence to support it.

A receipt, to be evidence of the payment of money, ought to be in the possession of the party who paid the money. A receipt in the possession of the opposite party certainly proves nothing more than his willingness to receive the money and give a receipt therefor. There was not only no evidence offered by the plaintiff to show that the receipt in question was ever in his possession between 1855 (the date of the receipt) and 1859 (the date of the last settlement), but the defendant showed that this identical receipt was in his possession during that time. The receipt, then, utterly failed to prove any payment in 1855, not having been deliv-

ered to the plaintiff, and there was no evidence whatever to base the verdict and judgment upon.

The case is therefore reversed, and the cause remanded. The other judges concur.