RAY WARREN, Appellant, v. ELGIE CURRY, Administratrix of the Estate of JOHN F. CURRY, Deceased, and PEARL CURRY WAKEFIELD, ADDIE CURRY HARTMEN, and ELGIE CURRY.—No. 38452.—177 S. W. (2d) 472.

Court en Banc, January 3, 1944.

Rehearing Denied, February 7, 1944.

*Hunter & Chamier* and *Jerry M. Jeffries* for appellant.

*Edmund Burke* and *Austin Walden* for respondents.

TIPTON, J.—Action for specific performance of a written contract to sell and convey described real estate in Randolph County. The trial court granted the relief asked conditioned upon the payment of $1,886.33, which the court found was due and unpaid on the purchase price. Plaintiff has appealed.

On September 10, 1928, John F. Curry entered into a written contract with plaintiff, by which Curry agreed to sell and convey to plaintiff by general warranty deed the described real estate and to furnish an abstract showing good marketable title. The agreed purchase price was $2,750.00, with $150.00 paid down, and the balance of $2,600.00 to be paid in certain installments. The deferred payments were to bear interest at the rate of 6% per annum from date, and interest was to be compounded if not paid annually. All installments were to be paid within five years from September 1, 1928, and plaintiff had the privilege of paying the deferred balance at any time. When one-half of the purchase price had been paid, Curry was to convey to plaintiff and accept a note with rate of interest and time of payment in accordance with the terms of the contract, secured by deed of trust on the land. Plaintiff agreed to pay the 1929 taxes, and all taxes accruing thereafter, and to remodel and repair a dwelling house on the land. Other provisions of the contract are immaterial here.

In his petition plaintiff alleged that, upon execution of the contract, he had been put in possession of the real estate and had remained in possession thereof; that he had fully performed the contract on his part; that, although he had kept no account of payments, all sums to be paid by him had been paid and no further sum was due and owing on the contract; that, if upon an accounting any further sum was due on the contract, he was ready, willing, and able to pay it; that John F. Curry had died without making the conveyance or furnishing the abstract, as required; that defendant Elgie Curry was the widow of John F. Curry, deceased, and the duly appointed administratrix of

his estate; that the other defendants were sisters of deceased; and that the said widow and sisters of deceased were his only heirs at law. Plaintiff prayed for specific performance of the said contract.

Defendants' answer admitted that John F. Curry died intestate on May 14, 1941; that defendants, as his widow and sisters, were, his only heirs at law; that his widow was the duly appointed, qualified, and acting administratrix of his estate; and that the said John F. Curry had died without conveying the described premises to plaintiff. Other allegations of the petition were denied.

The contract, supra, and an account book which had been kept by John F. Curry and which purported to show the payment by plaintiff of taxes, interest, and installments on principal of said contract, were offered by plaintiff and were admitted in evidence without objection. According to the Curry account book, the plaintiff still owed $1,886.33. Plaintiff, also, offered various receipts showing payments "on contract," "on note," "on account," "on interest," and "on taxes." Over the objection of defendants, these receipts were admitted to evidence, and if plaintiff were entitled to credit on the contract for the full amount called for by these receipts, there remains only a small amount still due on the contract.

The defendants, however, objected to the introduction of these receipts because there was no evidence to show who had custody of the receipts. Evidently, the trial court did not give any weight to these receipts because he found the amount in the book account to be the correct amount still due under the contract.

In this court, defendants contend that the "receipts introduced. in evidence, which do not appear as credits upon the Curry account book, were not admissible in evidence because there was no proof that they ever came into the possession of plaintiff during Curry's lifetime, or that they were issued or delivered to him by Curry or any authorized agent of Curry's".

We think defendants' point is well taken. "To be evidence of payment, the receipt must be one executed by the creditor or his agent authorized to give a receipt, and have come into possession of the person who is contended to have made the payment." 48 C. J. 636. See, also, Nelson v. Boland, 37 Mo. 432, and Hiscock v. Hiscock et al., 257 Mich. 16, 240 N. W. 50, 78 A. L. R. 953. The only evidence in reference to these receipts was given by Asher W. Elliott, a pharmacist in the Curry Drug Store. He testified that the signature on some of the receipts was John F. ·Curry's, and on other receipts, he thought it was Curry's signature. Plaintiff offered no evidence whatever to show whether these receipts were ever in his custody during Curry's lifetime, or whether they were issued or delivered to him by Curry or any authorized agent of Curry's.

The burden of proving payments upon this contract is upon the plaintiff. Emory v. Emory (Mo. Sup.), 53 S. W. (2d) 908; Haycraft

v. Haycraft (Mo. App.), 154 S. W. (2d) 617. The only competent evidence showing any payments on the contract was the account book, and it showed that plaintiff still owed the sum found to be due by the trial court; that is, the sum of $1,886.33.

It follows that the decree of the trial court should be affirmed. It should, however, be modified to the extent of permitting plaintiff to make payments·found due under the trial court's decree, provided such payment is made on or before thirty days after the mandate of this court is filed in the circuit court. All concur.